421 So.2d 778 (1982)
Robert PINDER, Appellant,
v.
STATE of Florida, Appellee.
No. 82-283.
District Court of Appeal of Florida, Fifth District.
November 10, 1982.
Nancy Y. Smith of Brinson, Smith, Heller & Smith, P.A., Kissimmee, for appellant.
Jim Smith, Atty. Gen., Tallahassee, and Richard B. Martell, Asst. Atty. Gen., Daytona Beach, for appellee.
COWART, Judge.
In his brief appellant states that he "desires to raise ineffective assistance of counsel on direct appeal" and for relief asks this court to remand this cause to the trial court for an evidentiary hearing on the ineffectiveness of his retained counsel. Appellant then proceeds to "plead the omissions or overt acts upon which the claim of ineffective assistance of counsel is based," in an effort to comply with Knight v. State, 394 So.2d 997 (Fla. 1981). Appellant claims that Vagner v. Wainwright, 398 So.2d 448 (Fla. 1981), allows defendants to raise ineffective assistance of retained counsel on appeal.
Vagner does permit defendants to challenge convictions based on inadequacy or incompetency of retained counsel to the same extent as with appointed counsel. However, the correct procedure is not as appellant's counsel assumes. State v. Barber, 301 So.2d 7 (Fla. 1974), holds that the issue of inadequacy of appointed counsel cannot properly be raised for the first time on direct appeal, since appellate courts on direct appeal review only questions previously ruled upon by the trial judge. Accordingly, ineffectiveness of counsel is correctly first raised by a petition in the trial court under Florida Rule of Criminal Procedure 3.850 and appellate review can be sought only after an adverse ruling. Under that rule, defendant's need not, and should not, appeal for the purpose of asking the *779 appellate court to remand for an evidentiary hearing as the trial court can be directly petitioned for that relief; relief cannot be had by appeal until issues of fact have been first resolved in the trial court.
We have considered the other points presented by appellant and also find them to be without merit. Accordingly, the judgment of conviction is
AFFIRMED.
DAUKSCH, J., and DANIEL, C. WELBORN, Associate Judge, concur.