426 So.2d 1226 (1983)
William George PUHL, Appellant,
v.
STATE of Florida, Appellee.
No. 82-1207.
District Court of Appeal of Florida, Fourth District.
February 9, 1983.
Rehearing Denied March 11, 1983.
*1227 Richard L. Jorandby, Public Defender, and Gary Caldwell, Asst. Public Defender, West Palm Beach, for appellant.
Jim Smith, Atty. Gen., Tallahassee, and Joy B. Shearer, Asst. Atty. Gen., West Palm Beach, for appellee.
DOWNEY, Judge.
William G. Puhl appeals from judgments of guilty of twelve criminal charges entered pursuant to jury verdicts and from sentences totalling 120 years.
The information charged Puhl with committing a kidnapping and three other offenses relative to one victim and eight more offenses relative to five other victims. Before trial Puhl moved for a severance of the four charges involving the kidnapping victim from the eight charges involving the other victims, but the court denied the motion.
The evidence adduced at trial shows that around 8 p.m. on the evening of September 6, 1981, Puhl held a gun on a young lady and forced her to get into his car with him. After the pair drove to a convenience store, the kidnapping victim escaped. Some two and a half hours later Puhl accosted three persons, robbed them, and fired shots at them and at two other persons. The only similarity between the offense against the kidnapping victim and the other victims was the use of a handgun by Puhl.
Florida Rule of Criminal Procedure 3.150(a) provides that:
Two or more offenses which are triable in the same court may be charged in the same indictment or information in a separate count for each offense, when the offenses, whether felonies or misdemeanors, or both, are based on the same act or transaction or on two or more connected acts or transactions.
Another pertinent rule, Florida Rule of Criminal Procedure 3.152(a)(1), provides that:
(1) In case two or more offenses are improperly charged in a single indictment or information, the defendant shall have a right to a severance of the charges upon timely motion thereof.
It is apparent from the foregoing that offenses may not be joined if they are not based on the same act or transaction or two or more connected acts or transactions and that a severance must be granted upon a timely motion if two or more offenses are improperly joined. Rubins v. State, 407 So.2d 961 (Fla. 4th DCA 1982); Macklin v. State, 395 So.2d 1219 (Fla. 3rd DCA 1981).
Because of the overwhelming evidence of Puhl's guilt on all charges, we considered the possibility of applying the harmless error doctrine to this case. However, the weight of authority in this state, as indicated by the two cases cited above, is that prejudice is presumed from an improper joinder of offenses. The weight of authority in federal jurisdictions holds that the harmless error doctrine does not apply *1228 to an improper joinder of offenses. See cases cited in United States v. Graci, 504 F.2d 411 (3rd Cir.1974).
The consolidation for trial of offenses that do not arise out of the same act or transaction results in the consideration of evidence of irrelevant other crimes, which simply tends to prove bad character or propensity on the part of the defendant. This violates the spirit of Section 90.404(2), Florida Statutes (1981), and is a sound reason for showing that the failure of the court to grant Puhl's motion for severance resulted in deprivation of a fair trial. Cf. Vazquez v. State, 405 So.2d 177 (Fla. 3rd DCA 1981), modified in State v. Vazquez, 419 So.2d 1088 (Fla. 1982).
Accordingly, we reverse the judgments of conviction and sentences and remand the cause with directions to grant Puhl's motion for severance and to try counts I, X, XI, and XII separately from the other counts of the information.
REVERSED AND REMANDED, with directions.
ANSTEAD and BERANEK, JJ., concur.