454 So.2d 1061 (1984)
Oliver THAMES, Appellant,
v.
STATE of Florida, Appellee.
No. AY-188.
District Court of Appeal of Florida, First District.
July 25, 1984.
Rehearing Denied September 5, 1984.
*1062 Oliver Thames, pro se.
*1063 Jim Smith, Atty. Gen., Tallahassee, for appellee.
ZEHMER, Judge.
Oliver Thames appeals from the trial court's order summarily denying his rule 3.850 motion.[1] The order was entered by the trial court without explanation or attachment of supporting portions of the record. Appellant's motion alleged ineffective assistance of counsel because of defense counsel's failure to move for severance of the two counts against Thames, i.e., armed robbery and possession of a firearm by a convicted felon. Thames alleged that he was prejudiced by counsel's failure to make such motion for severance because the evidence of three prior felony convictions received at trial, although relevant to the possession of a firearm count, was irrelevant and highly prejudicial as to the armed robbery count.
According to rule 3.152, Florida Rules of Criminal Procedure, a defendant has an absolute right, upon timely motion, to have two or more offenses severed from a single information if the offenses are not based upon the same or connected acts or transactions. Puhl v. State, 426 So.2d 1226 (Fla. 4th DCA 1983). Additionally, rule 3.152 provides that the trial court shall grant a severance of two or more charges included in an information, even if such charges are properly joined, if the defendant proves that severance is appropriate to promote a fair determination of the defendant's guilt or innocence of each offense. The Florida Supreme Court has specifically held that a defendant is entitled to severance of properly joined counts where one count is possession of a firearm by a convicted felon and the other count is one in which evidence of prior felony convictions would be inadmissable under the facts of the particular case. State v. Vazquez, 419 So.2d 1088 (Fla. 1982). The Court held that when two such counts are joined in a single information and evidence of prior felony convictions is admitted into evidence it is reversible error for the trial court to refuse to grant a severance based upon timely motion by the defendant.
We find that appellant's 3.850 motion is not legally insufficient on its face; accordingly, we reverse and remand to the trial court. If on remand the court finds, in light of rule 3.152 and Vazquez, supra, that the record in the case conclusively shows that the defendant is entitled to no relief and denies the motion, it must attach portions of the record supporting this conclusion. If the record does not conclusively show that defendant is entitled to no relief, then the court should hold an evidentiary hearing and make appropriate findings of fact and conclusions of law. The court's disposition of the motion on remand should be made in light of the criteria set forth in Armstrong v. State, 429 So.2d 287 (Fla. 1983).
REVERSED and REMANDED.
SMITH and JOANOS, JJ., concur.

ON MOTION FOR REHEARING
PER CURIAM.
The state of Florida moves for rehearing, contending that appellant's 3.850 motion for post-conviction relief is legally insufficient on its face. The state did not file a response to appellant's appeal from denial of his motion, nor was the state requested to do so by us pursuant to rule 9.140(g), Florida Rules of Appellate Procedure.[1] *1064 The state also moves to supplement the record on appeal with portions of the lower court record which it contends will support the trial judge's summary denial of appellant's motion.
Initially, the state complains that it was "grossly unfair" for us to rule on the facial sufficiency of appellant's 3.850 motion without requesting a response from the state. The state acknowledges that rule 9.140(g) provides that the court "may" request a response from the state before ruling on a 3.850 appeal and that the court need not do so in every case. Similarly, while the rule does not require the filing of briefs by the state, neither does it prohibit the state from doing so in appropriate cases without leave of court. We cannot serve as a screening board for the state in all 3.850 appeals and caution that we should not be expected to request briefs in every such appeal we reverse. In this case, it appeared obvious to us from the face of the motion that either review of some portion of the record below or an evidentiary hearing would be required to resolve the appellant's contentions, so we chose to save the additional labor and time necessarily involved in requesting and considering a response from the state.[2] Apparently our choice was ill advised. We do, however, willingly consider the state's rule 9.330 motion for rehearing and treat the arguments made therein as if made in response to the appeal in accordance with rule 9.140(g).
The thrust of the state's substantive argument is that appellant's claimed denial of effective assistance of counsel was based solely on trial counsel's failure to move for severance of the count charging possession of a firearm by a convicted felon and that such ground is insufficient as a matter of law because the law in effect at the time of appellant's trial did not establish an absolute right to severance. The state points out that the decision in State v. Vazquez, 419 So.2d 1088 (Fla. 1982), relied on in our opinion, was not handed down until after appellant's trial, and the applicable case law at the time of trial held that a defendant was not entitled to a severance of counts in the circumstances of this case. Panzavecchia v. State, 311 So.2d 782 (Fla. 3d DCA 1975).[3] Therefore, the argument goes, appellant could not, as a matter of law, have been deprived of the effective assistance of counsel based on the failure to file a motion for severance.
We acknowledge that trial counsel did not have the benefit of State v. Vazquez, supra, at the time of appellant's trial. We note, however, that there did exist at that time a split of authority as to whether a defendant was entitled to severance of a count charging possession of a firearm by a convicted felon. Orr v. State, 380 So.2d 1185 (Fla. 5th DCA 1980). The weight of authority throughout the country held that severance was required. See, Vazquez v. State, 405 So.2d 177, 180 (Fla. 3d DCA 1981), aff'd, State v. Vazquez, supra. In light of this split of authority and the obvious importance of severance in a case such as appellant's, as subsequently recognized by the Supreme Court in Vazquez, we are not prepared to say as a matter of law that appellant's 3.850 motion is facially insufficient to present a valid claim regarding effective assistance of counsel. The Supreme Court did not expressly say that the precedential effect of its decision in Vazquez would be prospective only. Hence, we see no difficulty in following that decision to determine appellant's legal rights in this case.
The state has cited law generally reflecting the view that "judicial scrutiny of counsel's performance must be highly deferential." E.g., Strickland v. Washington, ___ U.S. ___, ___, 104 S.Ct. 2052, *1065 2065, 80 L.Ed.2d 674, 694 (1984). We accept the validity of this proposition, but deem this an argument more properly made to the trial court because the asserted denial of effective assistance of counsel during trial court proceedings must first be submitted and determined by that court. Pinder v. State, 421 So.2d 778 (Fla. 5th DCA 1982). When a defendant appeals the summary denial of a 3.850 motion alleging ineffective assistance of counsel and the motion has been denied without attachment of any portion of the record, the only issue properly before us is whether the motion, on its face, alleges sufficient facts to show a prima facie right to relief. Summary denial of the motion is reversible error unless its allegations "conclusively show that the prisoner is entitled to no relief." Rule 3.850, Fla.R.Crim.P. Since the face of the motion before us shows a possible deprivation of appellant's substantial legal rights, we feel compelled to reverse and remand for further proceedings on the motion.
The procedure set up by the criminal rules is simple and straightforward. If the rules are strictly followed, these cases can be disposed of with efficiency and dispatch. The trial court first looks to the face of the motion to determine its sufficiency. If found insufficient, then the motion should be denied. If found facially sufficient, the trial court then looks to the existing record to determine whether it conclusively shows that the prisoner is entitled to no relief. If so, the motion should be denied and those portions of the record conclusively showing no right to relief will be attached to the order of denial.[4] If not denied on this basis, an evidentiary hearing on the merits must be held.
When an order summarily denying a 3.850 motion without hearing is appealed, it is processed under rule 9.140(g), which excuses compliance with the requirements applicable to a plenary appeal. Our summary review in such cases is as much procedural as substantive in nature, similar to reviewing orders dismissing complaints or granting summary judgment. The strong language of the criminal rule that the motion or record must "conclusively show that the prisoner is entitled to no relief" mandates that the trial court avoid summarily denying relief without a hearing if the facts alleged in the motion appear to present a meritorious claim. We have determined that the motion in this case presents a colorable claim for relief. But our decision should not be construed as holding that the defendant was, in fact, deprived of effective assistance of counsel and is entitled to a new trial. We simply remand for further consideration of that claim in light of the record, evidence presented at an evidentiary hearing if the trial court determines that such is necessary, and the Vazquez decision.
The state has also moved to supplement the record on appeal with portions of the trial court record which it contends will support the lower court's ruling. The state indicates that "the practice of the court in the past" has been to request the state to supplement the record in order to save time and expense. We acknowledge that, pursuant to rule 9.200(f), Florida Rules of Appellate Procedure, we have requested parties to supplement the record on appeal and have directed circuit courts to supplement the record where the trial court's order refers to its consideration of the record but fails to attach any portion thereof. But we are not aware of any policy or practice to request the state to so supplement the record in proceedings under rule 9.140(g) where the appealed order makes no reference to the trial court's consideration of the record. Nor do we conceive that doing so is either appropriate or saves judicial time and labor.
Rule 3.850 requires that the trial court, when summarily denying a motion without an evidentiary hearing, shall consider and attach to its order portions of the record supporting the denial unless the motion is legally insufficient on its face. If portions *1066 of the record are not attached by the trial court, and the order makes no reference to the record, presumably the ruling is based on the face of the pleading. Since we are a court of review, our appellate decision in such cases must also be based on the face of the pleading. It is inappropriate to have the state select portions of the record below to support the appealed order when the trial court has not previously done so.
Appellee's motions for rehearing and to supplement the record on appeal are DENIED. The case is REMANDED to the trial court for further proceedings.
SMITH, JOANOS and ZEHMER, JJ., concur.
NOTES
[1] Rule 3.850, Fla.R.Crim.P.
[1] Rule 9.140(g) reads as follows:

Appeals from Summary Denial of Motion for Post-Conviction Relief Under Fla.R.Crim.P. 3.850. An appeal from an order denying relief under Fla.R.Crim.P. 3.850 without a hearing shall be commenced as prescribed by Rule 9.110. The clerk of the lower tribunal shall forthwith transmit to the court as the record conformed copies of the motion, order, motion for rehearing and order thereon, with a certified copy of the notice. No briefs or oral argument shall be required. Unless the record shows conclusively that the appellant is entitled to no relief, the order shall be reversed and the cause remanded for an evidentiary hearing. The court may request a response from the State before ruling.
[2] Doing so necessitates resetting the case for a second conference by the panel. We endeavor to dispose of such appeals at one conference.
[3] Panzavecchia v. State was strictly limited to its facts as recognized by the third district in Vazquez v. State, 405 So.2d at 181. Dedmon v. State, 400 So.2d 1042 (Fla. 1st DCA 1981), also relied on by the state, was decided subsequent to appellant's March 1981 trial.
[4] A significant percentage of rule 3.850 appeals lodged in this court must be sent back or delayed in disposition for noncompliance with this part of the rule.