629 So.2d 320 (1993)
Larry Thomas McCLAIN, Appellant,
v.
STATE of Florida, Appellee.
No. 93-434.
District Court of Appeal of Florida, First District.
December 28, 1993.
*321 Larry Thomas McClain, Appellant pro se.
Robert A. Butterworth, Atty. Gen., James W. Rogers, Sr. Asst. Atty. Gen., and Carolyn Mosley, Asst. Atty. Gen., Tallahassee, for appellee.
PER CURIAM.
Larry Thomas McClain (appellant) appeals an order summarily denying his motion for post-conviction relief pursuant to Florida Rule of Criminal Procedure 3.850. Although the motion alleges numerous grounds for relief, we find only two claims of ineffective assistance of counsel merit discussion. Appellant contends his trial counsel was ineffective because he (1) failed to depose the state's crime scene investigators concerning allegedly exculpatory fingerprint and footprint evidence, and (2) failed to depose Donna McClain and Michael Lee Roberts concerning appellant's alleged purchase of the property which appellant subsequently was convicted of stealing. The trial court denied the motion, finding all claims raised in the motion for post-conviction relief could have been raised on direct appeal. We affirm in part, and reverse in part.
We concluded the referenced ineffective assistance of counsel allegations were facially sufficient to show a basis for relief, and requested a response from the state in accordance with the procedure outlined in Toler v. State, 493 So.2d 489 (Fla. 1st DCA 1986). The state's response candidly recognizes that the specific allegations at issue cannot be refuted on the basis of the record before this court. The state further recognizes that reference to matters outside the record contravenes Florida Rule of Appellate Procedure 9.140(g). Despite this express recognition of the confines of the appellate process, counsel for the state has attached a voluminous appendix taken from the record on direct appeal, which purportedly demonstrates the "bogus" nature of appellant's claims.
Contrary to the trial court's ruling, ineffective assistance of counsel allegations are not ordinarily reviewable by direct appeal, but are properly raised in a motion for post-conviction relief. Loren v. State, 601 So.2d 271 (Fla. 1st DCA 1992). We consider the state's admitted inability to refute the facially sufficient allegations of ineffective assistance of counsel without recourse to matters outside the record, warrants reversal of that portion of the order which denied appellant's ineffective assistance of counsel claims.
In a related vein, we grant appellant's motion to strike the appendix attached to the state's response. A trial court's failure to attach portions of the record refuting the allegations of a rule 3.850 motion cannot be remedied on appeal by the state's attempt to furnish material refuting the prisoner's claims. See Thames v. State, 454 So.2d 1061 (Fla. 1st DCA 1984); Griffin v. State, 573 So.2d 979 (Fla. 5th DCA 1991). The appendix provided by the state in this case was not *322 considered by the trial court in ruling on the motion for post-conviction relief, and cannot be considered by this court in determining the propriety of the trial court's order.
Accordingly, we reverse that portion of the order denying appellant's ineffective assistance of counsel allegations, insofar as they pertain to counsel's failure to depose the state's crime scene investigator concerning allegedly exculpatory fingerprint and footprint evidence, and counsel's failure to inquire further of Donna McClain and Michael Lee Roberts as to appellant's alleged purchase of property which he was convicted of stealing. We remand these matters for attachment of portions of the record refuting the claims, or for an evidentiary hearing.
ERVIN, JOANOS and MICKLE, JJ., concur.