644 So.2d 124 (1994)
Richard Scott DOSS, Appellant,
v.
STATE of Florida, Appellee.
No. 93-3087.
District Court of Appeal of Florida, First District.
October 17, 1994.
*125 Richard Scott Doss, pro se.
No appearance for appellee.
PER CURIAM.
Richard Scott Doss appeals an order of the circuit court which denied his motion for post-conviction relief. For the reasons that follow, we affirm in part and reverse in part with directions.
Initially, we note that Doss filed a motion for post-conviction relief near the expiration of the two-year time limit of Florida Rule of Criminal Procedure 3.850(b). The trial court issued an order to show cause and the state responded. The state's response crossed in the mail with an amended motion filed by Doss. The amended motion made additional arguments and allegations which the trial court declined to address. As rule 3.850 does not provide a right to amend in this circumstance nor was leave of court granted for such amendment, we find no error by the trial court in this regard and we therefore limit our review to the claims made by appellant in his original 3.850 motion.
In the interest of clarity, we address the separate claims of Doss as they were numerically identified in his 3.850 motion. The trial court found that claims 8, 9, 10 and 12 were facially insufficient. These claims alleged ineffective assistance of trial counsel relating to failure to obtain an investigator, failure to utilize pre-trial depositions, failure to obtain an independent witness regarding blood samples, and failure to subpoena a particular witness. We agree, and affirm on those points.
For his first claim, Doss argued trial counsel was ineffective in failing to adequately impeach the victim in the sexual battery prosecution. The trial court cited to specific pages of the record which purportedly refuted this claim but failed to attach those portions of the record to the order. Accordingly, we must reverse as to this point. Thames v. State, 454 So.2d 1061 (Fla. 1st DCA 1984).
Appellant's claims numbered 2, 4, and 5 all relate to the impeachment of a defense witness. According to the motion, the prosecutor asked the witness if he had ever been convicted of a crime involving dishonesty, false statement, or a felony and the witness answered affirmatively. After the answer, defense counsel interposed an objection that the question was improperly asked. In claim number 2, Doss asserts his trial counsel was ineffective in failing to file a pre-trial motion in limine to prevent the asking of this question. We find that trial counsel could not have anticipated the asking of this alleged improper question. For his fourth claim, Doss asserted it was ineffective assistance of trial counsel to fail to request a curative instruction on this impeachment question and his fifth claim was that trial counsel was ineffective in failing to move for a new trial for this same reason. We acknowledge that it has been held such impeachment should be presented in two questions, one relating to felony convictions and the other relating to convictions of crimes involving dishonesty or false statement. Jackson v. State, 570 So.2d 1388 (Fla. 1st DCA 1990); Cummings v. State, 412 So.2d 436 (Fla. 4th DCA 1982). However, Doss failed to adequately show how the prosecutor's question prejudiced the defense or that there is a reasonable probability that these omissions, if corrected, would have resulted in a different outcome. See Downs v. State, 453 So.2d 1102 (Fla. 1984). We therefore affirm the trial court's disposition of issues 2, 4, and 5.
For his claim number 3, Doss asserted his trial counsel was ineffective in failing to object to an incorrect characterization of the criminal record of the defense witness who was impeached as described above. The trial court did not address this issue in its order. We find, however, that this claim, accepted as true, does not satisfy the Downs test. We therefore affirm the implied denial of this claim.
*126 Appellant's issue 6 asserted that trial counsel failed to properly object to the admission of a blood sample because the state had not established a proper chain of custody. The trial court found that a proper chain of custody had been established but failed to attach any portion of the record which so demonstrated. Accordingly, we must also reverse on this issue. Thames.
Movant's issue 7 was that his trial counsel was ineffective in not obtaining blood samples for testing from other persons, including the victim's boyfriend. The trial court found that the victim's boyfriend was tested and cited to the record for that proposition but failed to attach the pertinent portions of the record. Again, we must therefore reverse on this issue.
In claims numbered 11, 13, 14, 15, and 16, Doss asserted that his trial counsel was ineffective in failing to present certain exculpatory evidence, in failing to timely object to "character assassination" of a defense witness, in failing to request a jury instruction on a theory of the defense, in failing to object to the prosecutor stating his opinion of the evidence, and in failing to adequately advise Doss of the consequences of using his voluntary statement. For each of those claims, the trial court relied on the record in finding them without merit but no portions of the record in support of these conclusions were attached to the order. We must also reverse therefore for further proceedings as to these claims.[1]
Finally, Doss also asserted that he was illegally sentenced because of improper scoring on his sentencing guidelines scoresheet. The trial court found that this argument had been made on direct appeal from judgment and sentence and rejected. Our examination of our file in case number 89-1955, Doss's direct appeal, confirms that this is correct. Accordingly, we affirm on this final point.
For the reasons expressed above, we therefore affirm the trial court's disposition of claims of ineffective assistance of trial counsel numbered 2, 3, 4, 5, 8, 9, 10, and 12. We also affirm the denial of the claim of illegal sentence. We reverse and remand, however, for further proceedings on the claims made in the original motion for ineffective assistance of trial counsel numbered 1, 6, 7, 11, 13, 14, 15, and 16.
AFFIRMED IN PART, REVERSED IN PART WITH DIRECTIONS.
BOOTH and MICKLE, JJ., concur.
BENTON, J., concurs in remand with opinion.
BENTON, Judge, concurring in remand.
After ordering the State to respond to appellant's motion for post conviction relief and receiving the response, the trial judge entered a lengthy and detailed order denying motion for post conviction relief.[2] Before conscientiously addressing each of appellant's contentions, the trial judge discussed the standard to be applied in evaluating claims of ineffective assistance of counsel, citing pertinent cases, and concluded:
First, the defendant must show that, when applying a standard of reasonableness, counsel's performance was deficient. Second, the defendant must demonstrate there is a reasonable probability that the *127 deficient performance affected the outcome of the trial.
These broad questions are indeed what must be answered in deciding a claim of ineffective assistance of counsel. Strickland v. Washington, 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984); Provenzano v. State, 616 So.2d 428, 430 (Fla. 1993). To answer them properly, a detailed examination of the proceeding as a whole of the kind reflected in the order under review is required. But it is also true that any portion of the record on which the order depends should be attached to the order. Fla.R.Crim.P. 3.850(d); Taylor v. State, 19 Fla. L. Weekly D1148, 1994 WL 201454 (Fla. 1st DCA May 25, 1994); McClain v. State, 629 So.2d 320 (Fla. 1st DCA 1993).
Here, the order contains numerous citations to the record, including transcript page references regarding specific allegations, and concludes "that the record clearly refutes the defendant's allegations." Because the portions of the record on which the order relies were not attached, Fla.R.App.P. 9.140(g), I agree that the case must be remanded, Taylor, McClain, but I do not believe it is appropriate at this juncture to rule atomistically on discrete components[3] of the ineffective assistance of counsel claim.
NOTES
[1] The trial court also found that claim 15 was procedurally barred, relying on Medina v. State, 573 So.2d 293 (Fla. 1990). Medina is distinguishable, however, because it held that a claim of improper argument by a prosecutor could not be raised in a 3.850 because it could have been litigated on direct appeal. By contrast, Doss raised a claim of ineffective assistance of defense counsel for failing to object to a purportedly improper argument by the prosecutor. This claim is not procedurally barred and it should be addressed on its merits on remand.
[2] The order does not mention the amended motion for post conviction relief which deletes four allegations while adding at most one. Citing Lightbourne v. State, 471 So.2d 27 (Fla. 1985), the State's response addresses the substance of the only arguably new allegation (10.j), evidently articulated clearly enough for the prosecution in the original motion (10.g). The amended motion also has the advantage of being typewritten. It is for the trial judge to decide, in the first instance, whether or not to allow the amendment, which had been on file for approximately five months at the time the order was entered and was never opposed by the State.
[3] The majority's numerical references correspond to numbered paragraphs in the State's response to defendant's motion for post conviction relief, not to either the original or the amended motion filed by the defendant.