PER CURIAM.
Randy Leon Gholston has filed a timely motion for post-conviction relief pursuant to Rule 3.850, alleging two grounds for finding ineffective assistance of counsel and that the State knowingly relied upon perjured testimony during the trial. The State filed a response which included documents which were not a part of the trial record in support of the contention that there was no use of perjured testimony, knowing or otherwise. ‘We consider that the state’s admitted inability to refute the facially sufficient allegations ... without recourse to matters outside of the record, warrants reversal of’ the order denying that portion of the 3.850 motion. McClain v. State, 629 So.2d 320, 321 (Fla. 1st DCA 1993).
With regard to the two claims of ineffective assistance of counsel, first, the State asserts that the motion is incorrect in claiming that defense counsel failed to present certain evidence to the trial court regarding the victim’s sexual conduct and a previous conviction because defense counsel did try to present that evidence but was prevented from doing so by the trial court’s granting of the prosecution’s motion in limine. Second, at least one of the witnesses whom the defendant alleges his counsel failed to subpoena would not have supported the defense, based upon an interview the State conducted with her during the investigation of this case. As for the remaining witnesses whom the defendant alleges would support his defense that the victim consented to sexual relations with him, and would have impeached the victim’s testimony that she did not know the defendant, the State admits that it has no knowledge of the substance of their testimony, and that an inquiry of defense counsel would be necessary before the State could formulate a response to that allegation. The trial court summarily denied the motion for post-conviction relief, without attaching any portions of the record to demonstrate that Mr. Gholston was entitled to no relief and without holding an evidentiary hearing. This was an error. See Chambers v. State, 530 So.2d 452 (Fla. 1st DCA 1988). Accordingly, this cause is REVERSED and REMANDED for further proceedings pursuant to Rule 3.850.
ZEHMER, C.J., and BOOTH and DAVIS, JJ., concur.