PER CURIAM.
 

 Alfred Isaac, Appellant, challenges the trial court’s denial of his post-conviction motion filed pursuant to Florida Rule of Criminal Procedure 3.850. In the motion, Appellant alleged ten grounds of ineffective assistance of counsel and presented one double jeopardy claim. We affirm the trial court’s non-summary denial of claim I and summary denial of claim XI without further discussion. However, we reverse the trial court’s summary denial of claims II through X.
 

 In support of its summary denial of claims II through X, the trial court identified nine documents as attachments to its order. These documents, however, were not actually attached to the trial court’s order. The State correctly concedes that the trial court failed to attach portions of the record conclusively refuting claims II through X and that the trial court’s summary of denial of these claims must be reversed and remanded for attachment of the portions of the record that conclusively refute the claims.
 
 See Doss v. State,
 
 644 So.2d 124, 125-26 (Fla. 1st DCA 1994) (reversing and remanding claims where the trial court relied on the record in finding the claims without merit but failed to attach pertinent portions of the record to the order summarily denying the claims);
 
 see also Taylor v. State,
 
 583 So.2d 823, 823 (Fla. 4th DCA 1991) (reversal and remand appropriate where some records were referred to in the order, but they were not attached as required by Rule 3.850). On remand, we direct the trial court to attach the portions of the record referenced in its order as to claims II through X or to conduct an evidentiary hearing on these claims, if necessary.
 

 AFFIRMED in part, REVERSED in part, and REMANDED with directions.
 

 HAWKES, C.J., BENTON and LEWIS, JJ., concur.