495 So.2d 855 (1986)
William MERCHAN a/K/a Guillermo Merchan, Appellant,
v.
STATE of Florida, Appellee.
No. 4-86-0165.
District Court of Appeal of Florida, Fourth District.
October 8, 1986.
*856 Fred Haddad of Sandstrom & Haddad, Fort Lauderdale, for appellant.
Jim Smith, Atty. Gen., Tallahassee, Noel A. Pelella and Penny H. Brill, Asst. Attys. Gen., West Palm Beach, for appellee.
PER CURIAM.
This is an appeal from an order revoking appellant's probation. The appellant challenges the sufficiency of the evidence as to the alleged violation of probation and the trial court's active role in questioning the witnesses at the revocation hearing. We affirm.
Initially we note that there is evidence in the record that the appellant failed to file several required reports with his probation officer and that, under the circumstances of this case, those failures constituted substantial violations of the probationary scheme set up to supervise appellant's activities.
We also find no error in the trial court's action in conducting the probation hearing. The appellant did not seek to disqualify the trial judge, but only objected to the judge's questioning of the witnesses. The revocation proceedings were initiated by an affidavit of violation of probation executed by the probation officer. This affidavit, in turn, resulted in a warrant executed by the trial court judge referring to the probation officer's sworn allegations and commanding the sheriff to arrest appellant and bring him before the judge to answer the allegations. In practice, it appears that the state, through a prosecutor, actually prosecutes the alleged violations and, of course, the defendant is entitled to counsel for his defense, and had active counsel here. Probation revocation proceedings have been described as informal and not requiring strict adherence to the formal rules of evidence. Freiheit v. State, 458 So.2d 1172 (Fla. 4th DCA 1984). However, while probation revocation proceedings need not be conducted with the same formality as a criminal trial, the requirement that the factfinder be neutral and detached still applies, and requires the roles of prosecutor and judge to remain separate and distinct. This does not mean that a judge may not conduct the proceedings in an informal manner and ask questions relevant to the issues being tried. However, the judge may not, in fact, also act as the prosecutor.
In this case the appellant focuses particular attention on the trial court's statements before questioning the probation officer. Although we have some concern for the language used by the judge in stating that he could act as the "prosecutor" of probation violations, our examination of the entire record reflects a fair and balanced effort by the judge to resolve the matter fairly, but without undue delay. Our affirmance is predicated upon our conclusion that, while his choice of words was inappropriate, the trial judge here did not in fact assume the role of prosecutor.
ANSTEAD and GLICKSTEIN, JJ., and WARNER, MARTHA C., Associate Judge, concur.