528 So.2d 991 (1988)
Joseph Randolph MORGAN, Appellant,
v.
STATE of Florida, Appellee.
No. 87-0886.
District Court of Appeal of Florida, Fourth District.
July 27, 1988.
Richard L. Jorandby, Public Defender, and Jeffrey L. Anderson, Asst. Public Defender, West Palm Beach, for appellant.
*992 Robert A. Butterworth, Atty. Gen., Tallahassee, and John W. Tiedemann, Asst. Atty. Gen., West Palm Beach, for appellee.
PER CURIAM.
This case involves a departure from a recommended guidelines sentence. We reverse.
On February 24, 1987, appellant Joseph Randolph Morgan was sentenced for committing numerous burglaries while on probation. The recommended guidelines range called for five and one-half to seven years' imprisonment. The trial judge sentenced appellant to nine and one-half years' imprisonment, departing from the guidelines for the following written reasons:
The Court is of the opinion that the defendant needed to be sentenced to consecutive sentences because of his criminal conduct. The defendant's actions constitute a crime wave, crime spree or what other nomenclature might fit this defendant's actions. It also is the opinion of this Court that the defendant is a danger to this community and only a long period of incarceration will protect the community from this defendant.
A defendant's "crime spree" is not a valid reason for departure when the convictions are scored. State v. Rousseau, 509 So.2d 281, 283 (Fla. 1987). Being a "danger to the community" is also an invalid reason for departure. Keys v. State, 500 So.2d 134, 136 (Fla. 1986).
Accordingly, we reverse and remand with directions that appellant be resentenced within the guidelines. Appellant is also entitled for a credit for all time served while awaiting disposition of the probation violation charges. See Sapp v. State, 445 So.2d 1088 (Fla. 1st DCA 1984).
REVERSED and REMANDED.
GLICKSTEIN and DELL, JJ., concur.
COOK, JACK H., Associate Judge, concurs specially with opinion.
COOK, JACK H., Associate Judge, concurring specially.
On March 10, 1986, the appellant, Joseph Morgan, was placed on probation for burglary. In January of 1987, he was tried for numerous new burglaries, convicted of thirty-one and sentenced to nine and one-half years in prison. The guidelines called for a sentence of five and one-half to seven years.
It is clear to me that the sentence imposed upon Joseph Morgan was reasonable and appropriate in that he perpetrated this series of burglaries in a six-month period immediately following his being placed on probation for the previous burglary. See Snelling v. State, 500 So.2d 328 (Fla. 1st DCA 1986) and McMillan v. State, 516 So.2d 1064 (Fla. 4th DCA 1987). However, this court must restrict its review to the reasons for departure set forth in the sentence and those reasons cannot be sustained. It seems an unfortunate fact that, as the state notes in its brief, "whether the guidelines are correctly departed from [in] a given case often turns on semantics and fine nuances."