ERVIN, Judge.
Appellant challenges the sentence imposed on him following revocation of probation, contending that the trial judge erred by failing to give him credit for all time he had served on the charge. We agree and reverse and remand with directions.
At sentencing, although the judge gave appellant credit for 64 days, he specifically stated that appellant would not receive any credit for time he had originally served awaiting his initial probationary sentence, because “I took into account at that time that he had been in the county jail and that was one of the reasons that he was placed on probation without any jail sanction.” This was error. § 921.161, Fla. Stat. (Supp.1986); Crosby v. State, 475 So.2d 1034 (Fla. 1st DCA 1985); James v. State, 443 So.2d 510 (Fla. 1st DCA 1984). The trial judge did, however, properly refuse to allow appellant any credit for time served in Lee County for offenses committed there. Whitney v. State, 493 So.2d 1077 (Fla. 1st DCA 1986), review denied, 503 So.2d 328 (1987).
We therefore REVERSE and REMAND with directions that the trial court resen-tence appellant by according him credit for all time spent in jail relating to the instant offense.
BOOTH and WENTWORTH, JJ., concur.