685 So.2d 1362 (1996)
Dustin W. SMITH, Appellant,
v.
STATE of Florida, Appellee.
No. 96-01578.
District Court of Appeal of Florida, Second District.
July 10, 1996.
*1363 PER CURIAM.
Dustin Smith challenges the trial court's denial of his motion to correct sentence filed pursuant to Florida Rule of Criminal Procedure 3.800(a). The trial court properly rejected his claim that he should be awarded credit toward his current prison sentence for time served on probation prior to its revocation which resulted in his current confinement. Meader v. State, 665 So.2d 344 (Fla. 4th DCA 1995). The court did not, however, rule on a subsidiary claim which we hold that Smith raised sufficiently, albeit inartfully, and we reverse for the trial court to address it.
Initially Smith was sentenced to eighteen months in prison followed by three years' probation. When he violated his probation, the court imposed a term of 3 and 1½ years, and, according to his motion, failed to award any credit for time previously served. A prisoner sentenced to prison for violating probation which constitutes the second portion of a split sentence is entitled to credit for time actually served in prison prior to the commencement of the probationary term. Tripp v. State, 622 So.2d 941 (Fla.1993).
We affirm the trial court's denial of his claim that he is entitled to credit for time spent on probation, and reverse for the trial court to evaluate his motion in light of Tripp.
Affirmed in part, reversed in part, and remanded.
PATTERSON, A.C.J., and FULMER and QUINCE, JJ., concur.