689 So.2d 1261 (1997)
Louis SAINVILUS, Appellant,
v.
The STATE of Florida, Appellee.
No. 96-1171.
District Court of Appeal of Florida, Third District.
March 19, 1997.
Bennett H. Brummer, Public Defender and Robert Kalter, Assistant Public Defender, for appellant.
Robert A. Butterworth, Attorney General and Sylvie Perez Posner, Assistant Attorney General, for appellee.
Before JORGENSON, LEVY and GREEN, JJ.

CONFESSION OF ERROR
PER CURIAM.
Pursuant to his nolo contendere plea for attempted armed robbery and aggravated assault on a law enforcement officer, the appellant was sentenced as a youthful offender to four years imprisonment followed by two years of probation. The appellant was imprisoned from April 14, 1993 until the date of his release on January 30, 1995. He then began his probationary term.
On October 4, 1995, an affidavit of violation was filed against the appellant and he was taken into custody. On March 27, 1996, the appellant was found to be in violation of his probation after a hearing. He was sentenced by the trial court to a five and a half year prison term and awarded 165 days credit for time served, which the appellant asserts represents only the time he spent in jail awaiting his probation violation hearing.
On this appeal, the appellant asserts, and the state properly concedes that, the sentencing order did not award the appellant any credit for the time that he spent in prison from April 4, 1993 until January 30, 1995. A prisoner who is sentenced to prison for violating *1262 probation which constitutes the second portion of a split sentence is entitled to credit for time actually served in prison, prior to commencement of the probationary term. See Tripp v. State, 622 So.2d 941, 942 (Fla. 1993); Smith v. State, 685 So.2d 1362, 1363 (Fla. 2d DCA 1996); see also Manning v. State, 21 Fla. L. Weekly D1481, ___ So.2d ___ [1996 WL 347131] (Fla. 3d DCA June 26, 1996); Black v. State, 623 So.2d 641 (Fla. 3d DCA 1993).
Thus, we remand this cause with directions that the trial court correct the sentencing order under review.