PER CURIAM.
On the State’s confession of error as well as our independent review of the record, we reverse the' summary denial of appellant’s postconviction motion to correct his sentence. When' appellant was sentenced for violating his community control, the trial court erroneously failed to credit him for time served in prison during the incareerative portion of his original split sentence. “[A] prisoner who is sentenced to prison for violating probation which constitutes the second portion of a *120 split sentence is entitled to credit for time actually served in prison, prior to commencement of the probationary term.” Sainvilus v. State, 689 So.2d 1261 (Fla. 3d DCA 1997). See Tripp v. State, 622 So.2d 941, 942 (Fla.1993); Manning v. State, 696 So.2d 1186 (Fla. 3d DCA 1996); Smith v. State, 685 So.2d 1362, 1363 (Fla. 2d DCA 1996); Black v. State, 623 So.2d 641 (Fla. 3d DCA 1993).
Accordingly, the matter is remanded to the trial court for correction of the sentencing order under review.