763 So.2d 364 (1998)
Kenny POWELL a/k/a Patrick Corbin, Appellant,
v.
STATE of Florida, Appellee.
Nos. 97-2161, 97-2239.
District Court of Appeal of Florida, Fourth District.
September 9, 1998.
*365 Richard L. Jorandby, Public Defender, and Ian Seldin, Assistant Public Defender, West Palm Beach, for appellant.
Robert A. Butterworth, Attorney General, Tallahassee, and Joseph A. Tringali, Assistant Attorney General, West Palm Beach, for appellee.
PER CURIAM.
Patrick Corbin a/k/a Kenny Powell appeals his convictions and sentences for resisting arrest with violence, possession of cocaine and trespassing (Case No. 97-2161). He also appeals the sentence imposed after revocation of probation in a second case that we have consolidated for purposes of appeal (Case No. 97-2239). We affirm the convictions in Case No. 97-2161 and the order of probation revocation in Case No. 97-2239, but remand the sentences entered in both cases to the trial court to resentence appellant as a habitual violent felony offender in Case No. 97-2161 and to award appellant full credit for time served prior to entry of the probation revocation order in Case No. 97-2239.
Appellant was tried and found guilty by a jury of charges of resisting arrest with violence, possession of cocaine and trespassing. At the sentencing hearing on these convictions, the state sought habitual violent felony treatment for appellant. The trial court orally found and declared appellant to be a habitual violent felony offender as to the charge of resisting arrest with violence and sentenced him to ten years in prison with a five-year mandatory minimum term. However, the trial court's written order erroneously reflects that appellant was sentenced as a violent career criminal for that offense. The state properly concedes that the sentence must be reversed and remanded for entry of a written sentencing order that conforms with the court's oral pronouncement that appellant is sentenced as a habitual *366 violent felony offender. See Kelly v. State, 414 So.2d 1117, 1118 (Fla. 4th DCA 1982).
The state also properly concedes that the trial court erred in failing to fully credit appellant's probation revocation sentence with all time served while incarcerated prior to the entry of the probation revocation order. In this case, wherein appellant was charged with violating his probation, the trial court had initially imposed a split sentence of one year and one day imprisonment, followed by five years of probation, on charges of aggravated battery and possession of a firearm by a convicted felon. The court credited appellant with 236 days for time served. Subsequently, a warrant for violation of probation was served on appellant while he was in custody on December 23, 1996. He remained continuously in custody for 157 days until May 28, 1997, when the trial court revoked his probation and sentenced him to 12 years imprisonment. Appellant was given credit for only 137 days of time served toward his newly imposed 12 year prison sentence.
A defendant who is resentenced to prison after violation of the probationary portion of his split sentence is entitled to credit for time actually served on the prison portion of his split sentence prior to the commencement of the probationary term. Davis v. State, 701 So.2d 119 (Fla. 3d DCA 1997); Smith v. State, 685 So.2d 1362, 1363 (Fla. 2d DCA 1996); Silverstein v. State, 654 So.2d 1040 (Fla. 4th DCA 1995). Additionally, a defendant is entitled to credit for time spent in custody on the violation of probation charges, Morgan v. State, 528 So.2d 991 (Fla. 4th DCA 1988), as well as jail credit earned prior to his initial sentencing. We, therefore, remand this case to the trial court for a determination of the proper amount of credit to award appellant for time served.
Additionally, the trial court failed to enter a written order revoking appellant's probation. We remand also for entry of a separate written order revoking probation and reflecting the reasons for revocation. See Watts v. State, 688 So.2d 1018 (Fla. 4th DCA 1997); Taylor v. State, 681 So.2d 910 (Fla. 4th DCA 1996); Mitchell v. State, 681 So.2d 891 (Fla. 4th DCA 1996).
AFFIRMED and REMANDED.
STONE, C.J., STEVENSON and TAYLOR, JJ., concur.