*887
ON MOTION FOR REHEARING

PER CURIAM.
We deny appellant’s motion for rehearing but vacate our prior opinion and substitute the following in its place. Appellant claims that the state failed to show that his admitted violation of probation for failing to report to his probation officer was willful and substantial. Since the trial court properly exercised its discretion in accepting the testimony of appellant’s probation officer and rejecting appellant’s contrary version of the events, we affirm. See Steiner v. State, 604 So.2d 1265, 1267 (Fla. 4th DCA 1992)(appellate court reviews trial court’s probation revocation decision for an abuse of discretion).
The state’s burden of proof at a probation revocation hearing is the greater weight of the evidence and not beyond a reasonable doubt. See Ferris v. State, 489 So.2d 174, 176 (Fla. 5th DCA 1986). Appellant cites Chatman v. State, 365 So.2d 789 (Fla. 4th DCA 1978), in which this court reversed a probation revocation order due to the state’s failure to present any evidence of a willful and substantial violation. That case is distinguishable since in the case at bar, the state presented the probation officer’s testimony that he had directed appellant to call him, appellant had indicated that he understood the instruction, and appellant thereafter failed to do so. While appellant testified and disputed his ability to understand the instructions, the court accepted the probation officer’s testimony as more credible.
Because we cannot say that the trial court abused its discretion in believing the probation officer’s testimony over appellant’s, we affirm.
Affirmed.
GUNTHER and WARNER, JJ., and OWEN, WILLIAM C., Jr., Senior Judge, concur.