745 So.2d 456 (1999)
William TURNER, Appellant,
v.
STATE of Florida, Appellee.
No. 98-2430.
District Court of Appeal of Florida, Fourth District.
November 17, 1999.
Richard L. Jorandby, Public Defender, and Susan D. Cline, Assistant Public Defender, West Palm Beach, for appellant.
*457 Robert A. Butterworth, Attorney General, Tallahassee, and Debra Rescigno, Assistant Attorney General, West Palm Beach, for appellee.
TAYLOR, J.
Appellant, William Turner, was found guilty of violation of probation due to his commission of new criminal offenses. We affirm the order revoking his probation and write mainly to address his point on appeal that the trial court departed from a position of neutrality and impartiality during the probation violation hearing.
On April 25, 1997, appellant pled no contest to grand theft and trespassing. He was placed on four years probation with a special condition that he serve one year at a restitution center. The probation order contained the standard condition that the defendant not violate any law of a city, county, state, or the United States. On March 3, 1998, appellant's probation officer filed an affidavit of violation of probation against appellant, alleging that he committed a burglary of a structure. The affidavit was later amended to include a charge of dealing in stolen property.
At the probation violation hearing, the state called six witnesses. Jeremy Monte, appellant's probation officer, testified that appellant was placed on probation in August 1997 for four years. Richard Eberhart testified that he hired appellant to paint his house. Soon thereafter, in January 1998, he discovered that his bicycle and custom-made hurricane shutters were missing. A next door neighbor, Betty Smith, testified that, while looking out of her bathroom window, she saw appellant take the hurricane shutters. William Lloyd testified that, while he was out-of-town, someone stole a 20-foot extension ladder from the side of his house. The ladder, which was kept behind a locked gate and secured by a chain and lock, was later recovered from a pawn shop. A pawn shop employee testified that appellant brought the ladder into the pawn shop to sell it. Appellant stipulated that the thumb print on the pawn shop sales form was his.
After the state announced it was resting its case, the trial judge remarked to the prosecutor, "Okay. Well, you better get somebody to establish that he was on probation." The state reminded the court that the probation officer had testified earlier that appellant was placed on probation. Defense counsel objected and moved to disqualify the trial judge for "instructing the prosecutor how to pursue the case." The judge noted the objection but pointed out that he could take judicial notice of the court file's probation order. After the state recalled the probation officer and briefly questioned him, the judge asked the officer whether appellant signed the order of probation and received instructions on the conditions of probation. Again, defense counsel objected and moved for disqualification. The court allowed defense counsel additional time to prepare a written disqualification motion.
Appellant testified at the hearing. He said that his helper mistakenly placed the ladder in his truck and, that when he later noticed it was broken, he pawned it for lunch money. His defense to the hurricane shutters theft charge was consent. He said that Eberhart had agreed that he could take the shutters in lieu of payment for the balance on the paint job. After the state concluded its cross-examination of appellant, the trial judge asked appellant two questions: whether he was placed on probation and if he was instructed on the general and special conditions of probation. Appellant responded affirmatively to both questions. Defense counsel renewed her motion for disqualification. The court denied the motion as legally insufficient. Whereupon, appellant sought an emergency writ of prohibition with this court to prevent the judge from continuing to preside over the probation proceedings. We denied the petition.
*458 Appellant argues that the trial court erred by departing from the position of a neutral arbiter and assisting the state in prosecuting the case. He claims that he is entitled to a new hearing on the probation violation allegations before a different judge. Recently, in McFadden v. State, 732 So.2d 1180 (Fla. 4th DCA 1999), we reversed an order of probation revocation upon our finding that the trial judge "went too far in assisting an unprepared state attorney to establish the VOP." Id. at 1183. In McFadden, the trial judge took an active role in questioning the probation officer and the defendant about substantive matters pertinent to the VOP allegations, advised the state to introduce certain documents into evidence, sua sponte ordered fingerprint evidence, encouraged the probation officer to file a new warrant with corrected information, and invited the state to amend the VOP affidavit to resurrect charges that had been previously dismissed. We concluded that the judge's conduct "crossed the line of ostensible neutrality and impartiality and operated to deny the defendant essential due process by depriving him of the appearance of an unbiased magistrate and an impartial trier of fact." Id; see also J.F. v. State, 718 So.2d 251 (Fla. 4th DCA 1998)(finding that the trial judge impermissibly injected himself into juvenile proceedings on a grand theft auto charge when he directed a state witness to obtain fingerprint evidence and sua sponte continued the hearing to receive evidence of analysis of fingerprints found on the stolen auto); Lyles v. State, 742 So.2d 842 (Fla. 2d DCA 1999)(finding that the trial court committed fundamental error by sua sponte ordering defendant's fingerprints and bifurcating hearing to allow additional testimony).
We find that the facts in McFadden and J.F. are distinguishable from those in this case. Here, the trial judge did not attempt to orchestrate prosecutorial strategy or evidence gathering on essential elements of the charged offenses. Nor did he sua sponte order evidence or continue the hearing to allow the state to present additional evidence. In contrast to McFadden and J.F., the court's role herein was limited to asking the probation officer and the appellant a few questions to clarify appellant's placement and instructions on probation. Given the nature of the probation violation allegations and scope of proof in this revocation proceeding, the court's actions do not evince bias towards the state or amount to an attempt to "act as the prosecutor." See Merchan v. State, 495 So.2d 855, 856 (Fla. 4th DCA 1986)("[T]he judge may not, in fact, also act as the prosecutor.").
When the trial judge raised questions about whether the defendant had, in fact, been placed on probation and instructed on his probation conditions, the state had already presented some testimony concerning these matters through the probation officer. Moreover, at that point, the state had called several witnesses to establish the crimes charged in the VOP affidavit. See Hernandez v. State, 723 So.2d 886 (Fla. 4th DCA 1998)(the state's burden at a probation revocation hearing is the greater weight of the evidence, not beyond a reasonable doubt). Thus, it was not improper for the judge to elicit information to clarify those probation administrative issues and satisfy his conscience that the appellant willfully violated probation. See Horn v. State, 433 So.2d 670, 671 (Fla. 4th DCA 1983)(the rule on revocation of probation is whether there was sufficient evidence to satisfy trial court's conscience that conditions of probation were violated).
In this case, appellant was not charged with violating any special or technical conditions of probation, but with committing new criminal acts. Thus, the state's primary proof consisted of establishing the elements of the crimes charged, i.e., burglary and dealing in stolen property. If, after determining that the essential elements of the crimes were proved, the judge had some remaining questions about the appellant's knowledge of his probationary status and conditions, he could properly *459 raise them pursuant to his role as fact finder without compromising his position of neutrality. As we acknowledged in McFadden, "[t]he requisite of a neutral factfinder does not foreclose a judge from asking questions designed to make prior ambiguous testimony clear." 732 So.2d at 1185. Similarly, in J.F., though we condemned the practice of introducing or ordering essential evidence, we noted that "it is permissible for a trial judge to ask questions deemed necessary to clear up uncertainties as to issues that appear to require it." 718 So.2d at 252.
Typically, in probation violation hearings, the probation officer is called first and asked some preliminary questions to establish that the probationer was placed on probation and instructed on the conditions of probation. When the defendant is charged with violating a special or technical condition of probation, this routine procedure is more crucial, because the heart of the state's case is proving that the probationer knowingly and willfully violated the special conditions and that the violations were substantial. To do this, the state must show that the defendant understood the conditions he allegedly violated and was able to comply with them.
In this case, the appellant was not charged with violating a special or technical condition of probation but with violating a standard condition. Standard condition "k(5)" is a general condition of probation that requires all probationers to refrain from committing any violations of the law. Probationers are on notice that if they commit a new crime, they will face revocation of probation and possible imposition of the maximum sentence that could have been imposed originally. Unlike a special condition, which may require more detailed and explicit instructions to ensure compliance, the directive to refrain from criminal activity is common to all probation orders and relatively simple to understand. It is basic and fundamental and bears a direct relationship to the rehabilitative purposes of probation.
Theoretically, a court imposes a probationary sentence in lieu of jail or prison upon its assessment that the defendant is not likely to err again and deserves a chance to prove it. The court's trust and grant of a fresh start carry a concomitant obligation for the probationer to stay out of trouble and remain a law-abiding member of society. Whether the appellant herein knew and understood this standard condition to refrain from violating any laws does not appear to have been a disputed factual issue at the probation hearing. Likewise, the record does not reveal any issue concerning whether the appellant knew that he was on probation at the time he committed the crimes. Thus, we do not find that the court's efforts to confirm these matters operated to "supply essential elements in the state's case." See McFadden, 732 So.2d at 1185.
In sum, our review of the record leads us to conclude that the trial judge's conduct in this probation revocation proceeding did not deny appellant a fair and impartial hearing. Our message in McFadden nonetheless bears repeating that judges presiding over probation revocation proceedings remain mindful of the defendant's right to the "cold neutrality of an impartial judge" and the court's duty to scrupulously guard this right. Crosby v. State, 97 So.2d 181 (Fla.1957) (quoting State ex rel. Davis v. Parks, 141 Fla. 516, 194 So. 613, 615 (1939)). This is especially important in probation revocation proceedings, which, though adversarial in nature, are generally conducted with less formality and attention to the rules of evidence. See McFadden, 732 So.2d at 1185 ("VOP hearings need not follow the same fastidious formality customarily employed in criminal trials"); Wheeler v. State, 344 So.2d 630, 632 (Fla. 2d DCA 1977)(trial judge is not required to follow strict rules of evidence at a revocation hearing and may consider evidence not admissible in a criminal trial).
*460 Based on the foregoing, we affirm the order revoking appellant's probation.
AFFIRMED.
WARNER, C.J. and KLEIN, JJ., concur.