PER CURIAM.
Appellant Charles Owen Lane appeals his revocation of probation and sentence. In 1993, Lane was charged and convicted of burglary with an assault, grand theft, robbery, and battery for which he was sentenced to five years in prison on all charges. The sentence was to be followed by two years probation. After his release from prison, Lane remained at liberty for thirteen months, failing to report as required for six of those months. The trial court sentenced Lane to seventeen years in prison as a habitual offender. Although this may be a harsh result, we conclude that the trial court committed no reversible error.
Lane commenced his probation in 1996, and reported to his probation officer for the first three months, but by the fourth month, he failed to report. He was notified of his violation by mail, and his probation officer visited him at his home. For the next two months, Lane reported, but by January, 1997, he again failed to report. Lane reported for the last time on February 17, 1997, and was arrested on a separate charge of armed robbery on June 13, 1997.
At the revocation of probation hearing, the state proceeded only on the failure to report. Lane testified that his mother left him homeless during his probationary period and, as a result, he had no transportation and did not know how to get to the probation office by himself.
Under the circumstances of this case, we find that the trial court did not abuse its discretion in finding that Lane’s violation of his probation was willful and substantial. See Steiner v. State, 604 So.2d 1265, 1267 (Fla. 4th DCA 1992)(ap-pellate court reviews trial court’s probation revocation decision for an abuse of discretion). Lane violated his probationary conditions by failing to report for four consecutive months (March through June, 1997). His failure to report commenced during the three months in which he resided with his mother and had no transportation problem. Furthermore, the judge found that while Lane remained at liberty, he made no effort to contact his probation officer by mail, telephone, or otherwise. Even while he was homeless, Lane was a short distance from the probation office and could have traveled there at minimal cost or by walking. In fact, he managed to travel quite a distance away from his mother’s residence on the day of his arrest. See Hernandez v. State, 723 So.2d 886, 887 (Fla. 4th DCA 1998) (stating that the state met its burden of proof-the greater weight of the evidence-in finding that the defendant’s failure to report to his probation was a willful and substantial violation of probation).
The trial court’s sentencing order, however, was erroneous in that it failed to award Lane credit for time served on the split sentence pursuant to the judge’s order at the sentencing hearing. See Amador v. State, 713 So.2d 1121, 1122 (Fla. 3d DCA 1998)(holding that the trial court is required to enter sentencing order for probation violation that reflects the trial court’s oral pronouncement that gives the defendant prison credit for time served on a split sentence prior to sentencing).
We thus affirm the violation of probation, however, we remand the case to the trial court with directions to correct the sentencing order to reflect the fact that *478 Lane should be credited for the time he had previously served in prison.