WALLACE, Judge.
Gilbert G. Tyler appeals the postconviction court’s denial of his motion to correct illegal sentence filed under Florida Rule of Criminal Procedure 3.800(a). Mr. Tyler claims that amendments made by the trial court to his sentences resulted in the imposition of harsher sentences than were contemplated by his plea agreement or imposed at sentencing. The postconviction court found that the amendments to Mr. Tyler’s sentences merely corrected clerical errors and that his sentences were not increased by the amendments. Accordingly, the postconviction court denied the motion.
The postconviction court’s findings may be correct. Unfortunately, the postconviction court failed to attach to its order a copy of the transcript of the change of plea and sentencing hearing to conclusively refute Mr. Tyler’s claims. Consequently, we are compelled to reverse the postconviction court’s order and remand for further proceedings. See Fla. RApp. P. 9.141(b)(2)(D); Spears v. State, 920 So.2d 187, 187 (Fla. 2d DCA 2006) (“The burden *195 is on the postconviction court to attach portions of the record refuting the rule 3.800(a) claim.”). If the postconviction court again denies Mr. Tyler’s motion, it shall attach to its order those portions of the record that conclusively refute his claims.
Reversed and remanded.
WHATLEY and SILBERMAN, JJ., concur.