946 So.2d 84 (2006)
Salvatore BENNETT, Appellant,
v.
STATE of Florida, Appellee.
No. 4D04-4825.
District Court of Appeal of Florida, Fourth District.
December 27, 2006.
Salvatore Bennett, Moore Haven, pro se.
*85 Charles J. Crist, Jr., Attorney General, Tallahassee, and Myra J. Fried, Assistant Attorney General, West Palm Beach, for appellee.

ON REMAND FROM THE FLORIDA SUPREME COURT
PER CURIAM.
In his rule 3.800(a) motion to correct an illegal sentence, appellant argued in part that he did not qualify as a habitual offender because all of his prior convictions were sentenced on the same day during the same sentencing proceeding. § 775.084(5), Fla. Stat. (2004).
In response to his motion, the state asserted that he has a number of prior convictions that were sentenced on two different dates and that the certified convictions were part of the court file. However, no records were attached to the state's response below or the trial court's order to show that appellant's prior convictions satisfy the sequential sentencing requirement of the habitual offender statute. The state attempted to provide the records on appeal. However, this court has repeatedly held that the state cannot cure the defect in the trial court's order by providing records to this court. Collins v. State, 805 So.2d 73 (Fla. 4th DCA 2002); Foley v. State, 657 So.2d 929 (Fla. 4th DCA 1995); see also Fla. R.App. P. 9.141(b)(2)(D).
As a result, we reversed the trial court's order and on remand instructed the trial court to address this court's decision in Richardson v. State, 884 So.2d 950 (Fla. 4th DCA 2004), quashed by State v. Richardson, 915 So.2d 86 (Fla.2005). Bennett v. State, 904 So.2d 447 (Fla. 4th DCA 2005).
Following its decision in Richardson, the Florida Supreme Court quashed this court's earlier decision in Bennett and remanded this case for reconsideration.
Because appellant stated a legally sufficient claim, which was not refuted by the attached records, the circuit court's order is reversed and this case is remanded for the court to attach records that show appellant qualifies for habitual offender sentencing.
POLEN, KLEIN and SHAHOOD, JJ., concur.