993 So.2d 551 (2008)
Mitchell A. SMEDLEY, Appellant,
v.
STATE of Florida, Appellee.
No. 1D07-4876.
District Court of Appeal of Florida, First District.
October 10, 2008.
*552 Mitchell A. Smedley, pro se, Appellant.
Bill McCollum, Attorney General, and Edward C. Hill, Assistant Attorney General, Tallahassee, for Appellee.
PER CURIAM.
The appellant challenges the trial court's summary denial of his motion to correct illegal sentence filed pursuant to Florida Rule of Criminal Procedure 3.800(a). Because the trial court's attachments do not conclusively demonstrate that the appellant is entitled to no relief, we reverse.
The appellant alleged that he entered a plea in several cases in return for sentences at the low end of the guidelines. He further alleged that this agreement was affected by the improper scoring on a Criminal Punishment Code scoresheet of those offenses that occurred prior to the effective date of the Criminal Punishment Code and of successive community sanction violation points for said offenses. Where a defendant pleads to a sentence at the bottom of the guidelines and a scoresheet error affects his lowest permissible sentence, he is entitled to be sentenced pursuant to a corrected scoresheet. See Butler v. State, 735 So.2d 556 (Fla. 2d DCA 1999). Here, the state concedes that two separate scoresheets should have been used but claims that this error did not prejudice the appellant. However, because the trial court failed to attach portions of the record conclusively refuting the appellant's claim that the scoresheet errors affected his lowest permissible sentence and therefore his plea to a sentence at the bottom of the guidelines, we reverse and remand for the court below to resentence the appellant pursuant to corrected scoresheets or to attach record portions conclusively refuting the appellant's claim. See Jackson v. State, 789 So.2d 1218 (Fla. 1st DCA 2001).
REVERSED AND REMANDED.
WEBSTER, LEWIS, and HAWKES, JJ., concur.