PER CURIAM.
Francisco J. Salazar (Defendant) appeals the summary denial of his motion, in which he asked the trial court which sentenced him to order the Department of Corrections to award him 145 days of jail *1059 time credit, the amount of credit he received on his three violation of probation cases, also against his 2008 case. He was sentenced concurrently in February 2008 for all four cases, but complained that the department had credited him with only 41 days for the 2008 case, and did not credit him with the 145 days credit he was awarded in connection with the three 2006 cases. We affirm.
Technically, the trial court should not have addressed the merits of the motion, but should have dismissed it. Defendant’s proper vehicle for challenging the department’s failure to credit him with the proper amount of jail time credit was first to exhaust his administrative remedies with the department, and then, if unsuccessful, to seek extraordinary relief from the Leon County circuit court. See Bush v. State, 945 So.2d 1207, 1213-14 (Fla.2006) (holding the department is entitled to litigate in the circuit court in Leon County, where its central office is located); Grace v. State, 920 So.2d 719 (Fla. 4th DCA 2006).
In denying the motion, the trial court correctly explained to Defendant that he was not entitled to the same number of days of credit for each case with concurrent sentences which bear different arrest dates; instead, when a defendant receives concurrent sentences for different cases, the defendant is entitled to credit against each sentence only for the time spent in jail for the charge resulting in that sentence. E.g., James v. State, 721 So.2d 1265, 1266 (Fla. 3d DCA 1998); Walker v. State, 579 So.2d 348 (Fla. 1st DCA 1991).
Because remanding with directions that the trial court dismiss the motion would not serve the cause of judicial economy, we simply affirm. Compare Richardson v. State, 918 So.2d 999, 1004 (Fla. 5th DCA 2006) (affirming, for the sake of judicial economy, instead of remanding improper denial of habeas corpus petition, where proper disposition was dismissal).

Affirmed.

SHAHOOD, C.J., POLEN and GROSS, JJ., concur.