PER CURIAM.
 

 John Williams challenges the postconviction court’s order denying his motion filed under Florida Rule of Criminal Procedure 3.800(a). We reverse as to one subclaim but affirm the denial of the remaining claims without comment.
 

 Williams originally pleaded guilty to three third-degree felonies in exchange for five years’ probation. He admitted to violating his probation on May 29, 2007, and in exchange was sentenced to five years in prison. One subclaim contained within claim two of his motion was not specifically addressed by the postconviction court. Williams alleged that when the 131 days he served in jail when originally charged is added to the five-year sentence imposed after revocation, his sentence exceeds the statutory maximum.
 
 See
 
 § 921.161(1), Fla. Stat. (2006). Williams appears to have been alleging somewhat inartfully that he was not given credit for the time he spent in jail prior to the original disposition on the charges. A jail credit claim is cognizable under rule 3.800(a).
 
 State v. Mancino,
 
 714 So.2d 429, 433 (Fla.1998). Furthermore, a probation violator sentenced to prison is entitled to credit for time served in jail awaiting the original probationary sentence.
 
 Walker v. State,
 
 543 So.2d 343, 344 (Fla. 1st DCA 1989);
 
 Kirkman v. Wainwright,
 
 465 So.2d 1262, 1263 (Fla. 5th DCA 1985);
 
 see also
 
 § 921.161(1) (“[T]he court imposing a sentence shall allow a defendant credit for all of the time she or he spent in the county jail before sentence.”). We therefore reverse and remand for the postconviction court to address this subclaim and either correct the sentencing documents to reflect credit for time spent in jail awaiting
 
 *331
 
 disposition of the original charges, as well as time in jail awaiting disposition of the probation violation, or attach those portions of the record that conclusively refute the subclaim.
 

 Affirmed in part, reversed in part, and remanded with instructions.
 

 DAVIS, WALLACE, and KHOUZAM, JJ., Concur.