WARNER, J.
We reverse the summary denial of appellant’s motion to correct an illegal sentence pursuant to Florida Rule of Criminal Procedure 3.800(a) for failure of the trial court to attach records conclusively refuting appellant’s claim that he did not qualify for the habitual violent offender sentence he received. See Thompson v. State, 17 So.Sd 307 (Fla. 4th DCA 2009).
Although the state’s response to appellant’s motion recites that appellant already raised this issue in an earlier rule 3.850 motion, which was denied, it did not attach documents to its response supporting its allegations. Instead, the state indicated that the supporting documents were “incorporated herein by reference but not physically attached all over again.”
The record on appeal on a summary denial of a rule 3.800(a) motion consists of “copies of the motion, response, reply, order on the motion, motion for rehearing, response, reply, order on the motion for rehearing, and attachments to any of the foregoing, together with the certified copy of the notice of appeal.” Fla. RApp. P. 9.141(b)(2)(A). Therefore, that portion of the record which would show that appellant was not entitled to relief was not transmitted to this court. Without it, the record is insufficient to determine the issue raised.
We reiterate what was said in the concurring opinion in Thompson:
Substantial time and expense are wasted in the courts because the rules of postconviction relief are incomplete and antiquated. Although the trial and appellate courts have called for postconviction relief reform for years, no changes have resulted. The postconviction relief process occupies substantial time of the judges and staff of both the trial and appellate courts. Changes to make the process more efficient must be made.
17 So.3d at 308.
Reversed and remanded for attachment of portions of the record which conclusively refute appellant’s claim.
GROSS, C.J., and LEVINE, J., concur.