*728
 
 COHEN, J.
 

 Sandra Gerali appeals the judgment and sentence following a finding that she violated her probation. Gerali was placed on probation for a plethora of crimes ranging from uttering a forged instrument to organized fraud.
 
 [1]
 
 Pursuant to a plea bargain, she was sentenced to a total of ten years in the Department of Corrections, suspended upon successfully completing five years of supervised probation.
 

 Within a month of being sentenced, Gerali failed a random drug screen administered by her probation officer and admitted using cocaine. The trial court approved her probation officer’s recommendation of continued probation. Soon thereafter, Gerali was arrested for driving while her license was suspended or revoked. This time the probation officer filed an affidavit alleging a violation of probation.
 

 A violation of probation hearing was conducted at which the State presented the testimony of two witnesses. The first was the officer who observed Gerali driving and also identified a certified copy of her driver’s license which reflected her license suspension. The officer also testified that Gerali admitted being aware of the suspension. The record of the driver’s license was admitted into evidence without objection. The second witness was Gera-li’s probation officer, who testified she was informed of her probation conditions, in-eluding the requirement of no new law violations. The State then rested.
 

 The trial court, without objection, swore Gerali in and began asking a series of questions. Specifically, it asked Gerali whether she had a suspended license; she responded, ‘Tes, sir.” The trial court also asked how many names Gerali used. Ger-ali’s reply of, “Three,” evoked a response from the State relating to the use of at least one other name, that of Gerali’s sister, which formed the basis of the charges for which probation was imposed. The trial court then asked Gerali whether she had any reason to be driving.
 
 [2]
 
 Gerali responded that she had several family issues and was trying to get to her father’s home.
 

 During this questioning, Gerali was never informed of her Fifth Amendment right against self-incrimination relating to the DWLS charge,
 
 Perry v. State,
 
 778 So.2d 1072 (Fla. 5th DCA 2001), and her counsel did not object to the trial court’s questioning.
 
 [3]
 
 The trial court found Gerali in violation of her probation, specifically condition five, and imposed a five-year prison sentence. The trial court awarded credit for time served “(s)ince violation of probation arrest only. So she gets credit for time served from the VOP arrest.”
 
 [4]
 
 This appeal followed.
 

 Gerali raises two issues on appeal. She contends the trial court committed fundamental error when it abandoned its role as impartial magistrate and erred in failing to
 
 *729
 
 award full credit for time served. We affirm in part and reverse in part.
 

 All parties who appear before a court, including probationers, are entitled to a proceeding “presided over with cold neutrality by an impartial judge, particularly when the judge also acts as the finder of fact.”
 
 Sears v. State,
 
 889 So.2d 956 (Fla. 5th DCA 2004).
 
 [5]
 
 This fundamental precept does not foreclose a trial judge from asking questions to ascertain the truth or to clarify issues. There is no bright-line test to determine when a judge crosses the line and departs from the role of impartial magistrate. The question is fact-intensive, and its resolution dependent upon the circumstances of each case. Because Gerali did not object to the trial court’s questioning, the issue becomes one of fundamental error.
 
 See Mathew v. State,
 
 887 So.2d 1167, 1170 (Fla. 4th DCA 2008).
 

 A judge should not appear to take on the role of a prosecutor. In
 
 Poe v. State,
 
 746 So.2d 1211 (Fla. 5th DCA 1999), the trial judge questioned all of the witnesses and the witnesses for the State were questioned in greater depth than those for the defense. The court found, “The intense and sustained questioning by the court overshadowed the court’s stated purpose of uncovering the truth; rather, the court appeared to take on the role of co-prosecutor.”
 
 See also Cagle v. State,
 
 821 So.2d 443 (Fla. 2d DCA 2002).
 

 Likewise, in
 
 Sears,
 
 889 So.2d 956, this court reversed a violation of probation where a trial judge conducted the majority of the questioning of the probation officer and neither counsel was given a chance to examine the witness. Observing that while a trial judge should not be compelled to act out of confusion or a misapprehension of the facts, we found the trial judge had “crossed the line of neutrality and impartiality, and as a result, [the probationer] did not receive a fair and impartial violation of probation hearing.”
 
 Id.
 
 at 959.
 

 Gerali argues that
 
 McFadden v. State,
 
 732 So.2d 1180 (Fla. 4th DCA 1999), requires reversal. There, the prosecutor called a single witness to establish a violation of probation. Without identifying the defendant or establishing that the defendant was advised of the conditions of his probation, the State rested. The defendant moved to dismiss the violation of probation. The trial judge asked the State whether it wanted to reopen its case and suggested lines of inquiry to fill in the rather large gaps in the State’s case. The prosecutor seized upon this second opportunity. After additional questioning, the prosecutor again failed to establish a violation of probation and the defense again moved for dismissal of the charges. This time the trial judge left nothing to chance, cross-examining the probation officer and questioning the defendant. After the defendant testified that he left the state under duress, the trial judge assisted in impeaching that testimony.
 

 Acknowledging that there was substantial evidence to support a finding of violation of probation, the district court ordered a new violation hearing, stating, or more precisely, understating:
 

 We cannot escape a settled feeling that the trial judge went too far in assisting an unprepared state attorney to establish the VOP. Simply stated, the trial judge’s conduct crossed the line of ostensible neutrality and impartiality and operated to deny the defendant essential due process by depriving him of the
 
 *730
 
 appearance of an unbiased magistrate and an impartial trier of fact.
 

 Id.
 
 at 1183.
 

 In the case at bar, the most troubling conduct of the trial court was the questioning of Gerali. It is certainly preferable that a judge presiding over a violation of probation hearing not
 
 sua sponte
 
 call witnesses, particularly when that witness has a Fifth Amendment right against self-incrimination in light of the new substantive violation. It is unclear in the violation of probation order whether the trial judge relied upon that testimony to find Gerali admitted driving on a suspended license, or whether he relied on the arresting officer’s testimony. In any event, the State established a prima facie violation of probation before the trial court interjected by calling Gerali as a witness. The trial court did not supply any missing elements, orchestrate prosecutorial strategy, direct evidence gathering on essential issues or demonstrate a bias, either on behalf of the State or against Gerali.
 
 See Turner v. State,
 
 745 So.2d 456 (Fla. 4th DCA 1999). While the trial court should have inquired whether the defense wished to present a case before fleshing out whether there were mitigating factors to Gerali’s decision to drive, the trial judge apparently accepted Gerali’s explanation, and rather than simply impose the suspended sentence, halved it.
 
 [6]
 
 We do not find that Gerali was denied a fair hearing or that the trial court committed fundamental error.
 

 Turning to the credit for time served issue, we find Gerali’s position has merit. She was entitled to receive credit for all days served prior to the imposition of the original sentence, as well as the credit for time served following her arrest on the violation of probation.
 
 See Briggs v. State,
 
 929 So.2d 1151 (Fla. 5th DCA 2006). The record before us is inadequate to make that determination, and thus we remand for the proper determination of credit for time served.
 

 AFFIRMED IN PART; REVERSED IN PART; REMANDED.
 

 MONACO, C.J., and EVANDER, J., concur.
 

 [1]
 

 . Gerali pled to a total of fifteen third-degree felonies.
 

 [2]
 

 . The record is silent as to whether the driving while license suspended charge was still pending. We infer that it was because no judgment and sentence for this charge was introduced.
 

 [3]
 

 . The State’s answer brief does not argue preservation of error.
 

 [4]
 

 . A motion to correct sentence pursuant to Florida Rule of Criminal Procedure 3.800(b)(2) was filed seeking credit for all time served, including time served on the original arrest. No written order was filed within sixty days of the filing of the motion and it is deemed denied. Fla. R.Crim. P. 3.800(b)(1)(B), (b)(2)(B).
 

 [5]
 

 . The mandate, not just to appear impartial, but to be impartial, is codified in Canon 2 of the Code of Judicial Conduct, which requires judges to act at all times in a manner that promotes public confidence in the integrity and impartiality of the judiciary.
 

 [6]
 

 . A reversal of the violation of probation could subject Gerali to a potentially longer sentence than that imposed.