GERBER, J.
 

 The issue presented is whether the circuit court erred in entering an order summarily denying the appellant’s motion to correct illegal sentence under Florida Rule of Criminal Procedure 3.800(a). We find that the court erred by not attaching to its order any record which conclusively refuted the appellant’s claim. Therefore, we reverse and remand for further proceedings on the motion.
 

 The motion indicates that the appellant was on probation for a 1998 case when he committed a new crime in 2007. The appellant admitted to the violation of probation and pled no contest to the new crime. The circuit court sentenced the appellant on both cases to seven years of incarceration to run concurrently. The defendant was entitled to 568 days of credit for time served on the 1998 case and 174 days of credit for time served on the 2007 case. The appellant alleged in his motion, however, that the circuit court awarded him only 174 days of credit for time served on the 1998 case. The appellant therefore requested that the court award him 568 days of credit for time served on the 1998 case.
 

 The state’s response alleged that the circuit court awarded the appellant 568 days of credit for time served on the 1998 case and 174 days of credit for time served on the 2007 case. The state further alleged that the appellant was “complaining] that the Department of Corrections is only crediting him with the lesser amount of credit for time served” on the 1998 case. Therefore, the state alleged that “the [appellant’s] remedy, if any, is to pursue any administrative or other remedies he may have against the Department.”
 

 The circuit court denied the appellant’s motion as follows: “Based upon the argument presented by the State, in the attached response, this Court finds that the [appellant] was awarded the proper credit for time served on each of his two cases.” The court did not attach any document in support of its order other than the state’s response. This appeal followed.
 

 We are compelled to reverse. When summarily denying a rule 3.800(a) motion, a circuit court is required to attach to its order the record or records which conclusively refute the movant’s claims.
 
 Moncher v. State,
 
 23 So.3d 873, 874 (Fla. 4th DCA 2009). Here, the circuit court did not attach to its order perhaps the only document which could have conclusively refuted the appellant’s claim, that is, the sentencing order for the 1998 case. The sentencing order would show the number
 
 *1206
 
 of days of credit for time served which the circuit court actually reported to the Department of Corrections on the 1998 ease. If the sentencing order shows that the appellant is entitled to only 174 days of credit for time served on the 1998 case, then the sentencing order is in error, and the circuit court should have granted the motion to correct illegal sentence and entered a corrected sentencing order showing that the appellant is entitled to 568 days of credit for time served on the 1998 case.
 
 See Williams v. State,
 
 957 So.2d 600, 603 (Fla.2007) (a written sentence which conflicts with an oral pronouncement of sentence is an illegal sentence, and a motion alleging such a discrepancy is cognizable in a rule 3.800 proceeding). If the sentencing order shows that the appellant is entitled to 568 days of credit for time served on the 1998 case, then the sentencing order is correct, and the circuit court should have attached a copy of the sentencing order to its order denying the motion to correct illegal sentence. In that event, the appellant’s remedy would be to pursue any administrative remedies he may have with the Department of Corrections if the Department is refusing to provide him with the proper amount of credit.
 
 Salazar v. State,
 
 995 So.2d 1058, 1059 (Fla. 4th DCA 2008).
 

 Therefore, we remand for the circuit court to review the sentencing order from the 1998 case and enter a new order on the appellant’s motion to correct illegal sentence pursuant to one of the two options described in the previous paragraph.
 

 Reversed and remanded.
 

 MAY and DAMOORGIAN, JJ„ concur.