MORRIS, Judge.
 

 Toby J. Barnes appeals the summary denial of his motion for additional jail credit filed pursuant to Florida Rule of Criminal Procedure 3.800(a). We reverse and remand for the postconviction court to correct Barnes’s sentencing documents and award additional jail credit.
 

 On October 28, 1999, Barnes pleaded nolo contendere to robbery with a deadly weapon and was sentenced to 84 months’ imprisonment, with 267 days’ jail credit, followed by 5 years’ probation. After being released from prison, Barnes violated his probation and was resentenced to 10 years’ imprisonment with 22 days’ jail credit for time served while awaiting re-sentencing. In his motion to correct sentence, Barnes claims that upon revocation of his probation, the trial court granted him only 22 days’ credit for time served while awaiting resentencing on the violation of probation (VOP) and failed to include credit for the 267 days served in jail prior to the imposition of the original sentence, to which he is lawfully entitled. We agree.
 

 Citing to
 
 State v. McBride,
 
 848 So.2d 287 (Fla.2003), the postconviction court denied the motion as successive. The post-conviction court found that the issues raised in the current motion were the same as those raised and denied in Barnes’s previous motion for clarification of sentence, which was construed as a motion for additional jail credit pursuant to rule 3.800(a). In the prior order entered in 2010, the postconviction court found that Barnes had been awarded 267 days’ jail credit when he was originally sentenced to the probationary split sentence and that he was not entitled to the same award of jail credit upon revocation of his probation.
 

 Rather than appealing the postconviction court’s 2010 denial order, Barnes followed the court’s directive and sought administrative review with the Department of Corrections (DOC) and then filed for extraordinary relief against the DOC. In response to Barnes’s petition for writ of mandamus, the DOC maintained that the trial court’s order only called for credit for time previously served
 
 in the DOC
 
 prior to sentencing. The DOC correctly stated that because the VOP sentencing court never awarded Barnes credit for the time
 
 *1136
 
 he spent in county jail prior to the original sentence, it was beyond the DOC’s authority to award such credit and that Barnes, therefore, had to seek recourse with the postconviction court followed by appellate review of any adverse ruling.
 
 See Sutton v. State,
 
 838 So.2d 616, 617 (Fla. 2d DCA 2003) (“Although the trial court may delegate to the [DOC] the task of determining the correct amount of prison credit when a defendant is resentenced after violating the probationary portion of a probationary split sentence, it is the responsibility of the trial court to order that defendants receive the prison credit to which they are entitled.”).
 

 The attached record shows that Barnes is entitled to 267 additional days’ jail credit and that the postconviction court incorrectly denied his motion. “[A] probation violator sentenced to prison is entitled to credit for time served in jail awaiting the original probationary sentence.”
 
 Williams v. State,
 
 12 So.3d 330, 330 (Fla. 2d DCA 2009) (citing
 
 Walker v. State,
 
 543 So.2d 343, 344 (Fla. 1st DCA 1989));
 
 Powell v. State,
 
 763 So.2d 364, 366 (Fla. 4th DCA 1998) (“[A] defendant is entitled to credit for time spent in custody on the violation of probation charges,
 
 Morgan v. State,
 
 528 So.2d 991 (Fla. 4th DCA 1988), as well as jail credit earned prior to his initial sentencing.”). The attached VOP judgment and sentence shows that Barnes is correct that he was awarded only 22 days’ credit for jail time served pending resentencing for the VOP along with credit for all time previously served
 
 in the DOC
 
 prior to sentencing. The trial court failed to properly award or order the DOC to grant Barnes credit for the 267 days that he spent in jail prior to the imposition of the probationary split sentence, and the DOC did not include such credit in Barnes’s time-served calculation.
 
 See Aumiller v. State,
 
 14 So.3d 256, 257 (Fla. 5th DCA 2009);
 
 see also Sutton,
 
 838 So.2d at 617. Because the failure to grant proper jail credit would result in a manifest injustice, Barnes’s motion is not procedurally barred as successive.
 
 See Bronk v. State,
 
 25 So.3d 701, 703 (Fla. 2d DCA 2010) (“The fact that this court affirmed a denial of his claim in a previous postconviction motion does not preclude relief when the award of jail credit is clearly incorrect as a matter of law and a failure to correct that error would result in manifest injustice.” (citing
 
 McBride,
 
 848 So.2d at 291)). We therefore reverse and remand for the postcon-viction court to correct the sentencing documents to reflect credit for the time Barnes spent in jail awaiting the original sentence.
 

 Reversed and remanded.
 

 WHATLEY and ALTENBERND, JJ„ Concur.