On Motion to Supplement the Record on Appeal

WARNER, J.
In this appeal of an order denying a motion to correct an illegal sentence pursuant to Florida Rule of Criminal Procedure 3.800(a), the state has moved to supplement the appellate record with the sentencing documents from appellant’s case file, as it claims a review of the sentencing documents is required for a complete understanding of appellant’s sentence and to respond to the issue raised in appellant’s brief. We deny the motion.
One would think that an appellate court should have available to it the actual sentencing documents any time it reviews the ruling on a motion to correct an illegal sentence. However, for reasons unknown to us, Florida Rule of Appellate Procedure 9.141(b)(2)(A) provides (and has always provided) that “the clerk of the lower tribunal shall transmit to the court, as the record, copies of the motion, response, reply, order on the motion, motion for rehearing, response, reply, order on the motion for rehearing, and attachments to any of the foregoing....” In other words, the record, as structured by the rule, does not contain the original sentencing documents, unless they are an attachment to the order.
When summarily denying a motion to correct an illegal sentence, the appellate courts have uniformly held that the trial court is required to attach to its order those portions of the record which conclusively refute the movant’s allegations. See Watson v. State, 51 So.3d 1204 (Fla. 4th DCA 2011); Smedley v. State, 993 So.2d 551 (Fla. 1st DCA 2008); Perez-Boza v. State, 943 So.2d 291 (Fla. 3d DCA 2006); Tyler v. State, 927 So.2d 194 (Fla. 2d DCA 2006); Moore v. State, 741 So.2d 577 (Fla. 5th DCA 1999). The record in this case consists of the foregoing documents, and the sentencing documents are not attached to any of them. We have consistently held that “the state cannot cure the defect in the trial court’s order by providing records *1167 to this court.” Bennett v. State, 946 So.2d 84, 85 (Fla. 4th DCA 2006).
The state must respond to the appellant’s brief with the documents contained within the record. The state and the criminal justice community should review and suggest an amendment to the rule on what constitutes the record on appeal in these cases, because the failure to include the sentencing documents as part of the record prevents a thorough review and probably results in unnecessary reversals.
POLEN and CIKLIN, JJ., concur.