PER CURIAM.
Appellant Benjamin Mackendale filed a motion to correct illegal sentence under Fla. R.Crim. P. 3.800(a) in Palm Beach case no. 08-9714CFA02 seeking an additional 210 days jail credit in that case beyond the 212 days credit already awarded by the trial court. Appellant had been on probation in that case as well as a second 2008 case when he was charged in three 2009 cases with multiple felony offenses. As a result, appellant entered into a comprehensive plea agreement with the state. In return for his pleas in two of the three 2009 cases as well as his admission to violating his probation in case no. 08-9714CFA02, the second 2008 case and third 2009 case were nolle prossed. Appellant was sentenced to concurrent five and six year terms of imprisonment, with probation in case no. 08-9714CFA02 revoked and terminated. Appellant was given credit for jail time served of 212 days on all sentences imposed.
*605 Subsequently, appellant filed a pro se motion to correct illegal sentence under Rule 3.800(a), alleging that in case no. 08-9714CFA02 in addition to the 210 days appellant spent in jail after the violation of probation (VOP) warrant was served, he had also spent 210 days in jail before the probationary sentence in that case was originally imposed. Appellant sought credit for both 210 day terms of presen-tencing jail custody, citing Daniels v. State, 491 So.2d 543, 544 (Fla.1986), which held that when concurrent sentences were imposed a criminal defendant must be given credit for all time served on each sentence. The trial court’s order denying appellant’s motion attached a copy of the VOP order of resentencing in case no. 08-9714CFA02, which awarded 212 days jail credit, finding this to be in compliance with Daniels.
We review the trial court’s order denying appellant’s motion to correct illegal sentence under Rule 3.800(a) de novo, Davis v. State, 88 So.3d 1055, 1056 (Fla. 4th DCA 2012). Here, appellant’s motion alleges that in case no. 08-9714CFA02 he spent 210 days in jail both before he was originally sentenced to probation in that case and prior to VOP resentencing. If true, appellant would be entitled to both increments of jail credit, as a criminal defendant must under § 921.161(1), Fla. Stat. (2008), be granted credit for all time served while in custody prior to the original sentencing and prior to VOP resentencing, Powell v. State, 763 So.2d 364, 366 (Fla. 4th DCA 1998) (cited in Barnes v. State, 74 So.3d 1135, 1136 (Fla. 2d DCA 2011)); see also Gerali v. State, 50 So.3d 727, 730 (Fla. 5th DCA 2010).
The trial court’s order denying appellant’s motion does not contain any attachment refuting appellant’s factual claim as to his separate custodies in case no. 08-9714CFA02. As a result, the order appealed from must be reversed and remanded with directions to either grant appellant’s motion or attach to the order records conclusively refuting appellant’s claim, if such records exist. Watson v. State, 51 So.3d 1204, 1205 (Fla. 4th DCA 2011); compare St. Cyr v. State, — So.3d -, -, 2012 WL 2813855, 37 Fla. L. Weekly D1632 (Fla. 4th DCA 2012), subsequent appeal, 106 So.3d 487 (Fla. 4th DCA 2013) (on appellate review of order denying motion to correct based on Rule 3.800(a) reviewing court may only consider as “record” for purposes of Fla. R.App. P. 9.141(b)(2)(A) attachments to order of denial, not “original sentencing documents” proffered by state on appeal).

Reversed and remanded with directions.

MAY, C.J., CIKLIN and LEVINE, JJ., concur.