PER CURIAM.
The defendant appeals from the circuit court’s order denying his Florida Rule of Criminal Procedure 3.800(a) motion to correct an illegal sentence. The defendant’s motion alleged that his sentence is illegal because the court erroneously imposed consecutive mandatory minimum terms for counts which he claimed arose from a single criminal episode. Boler v. State, 678 So.2d 319, 322-23 (Fla.1996); Parks v. State, 701 So.2d 653, 654 (Fla. 4th DCA 1997). In the court’s order denying the motion, the court found that only Counts II and III carried mandatory minimum terms and these counts aróse from separate criminal episodes.
However, the court did not attach to its order any records refuting the defendant’s claim. “An order denying a facially sufficient rule 3.800(a) motion should include not only valid reasons for the denial by the trial court, but also attachments of portions of the record sufficient to support the denial.” Allen v. State, 57 So.3d 296, 296 (Fla. 4th DCA 2011) (citation omitted). The state agrees that the proper remedy is to remand for the court to attach records which support its order. See Bennett v. State, 946 So.2d 84, 85 (Fla. 4th DCA 2006) (“[T]he state cannot cure the defect in the trial court’s order by providing records to this court.”).
Based on the foregoing, we reverse and remand for the circuit court to attach the records which support its denial of the defendant’s motion.

Reversed and remanded.

GERBER, CONNER and KLINGENSMITH, JJ., concur.