# FIRST DISTRICT COURT OF APPEAL
## STATE OF FLORIDA

_____

No. 1D2024-1762
_____

RUBEN GOODSON,

    Appellant,

    v.

STATE OF FLORIDA,

    Appellee.

_____

On appeal from the Circuit Court for Leon County.
Joshua Hawkes, Judge.

June 10, 2026

WINOKUR, J.

Ruben Goodson filed a motion for postconviction relief pursuant to Florida Rule of Criminal Procedure 3.850, asserting ten grounds for relief. Among his grounds for relief were claims that his trial counsel was ineffective for failing to retain a blood spatter expert to testify regarding the absence of blood on Goodson (Ground Two) and that counsel was ineffective for failing to retain a toxicology expert to testify regarding the victim's state of mind at the time of the shooting (Ground Three). In its order summarily denying relief, the postconviction court denied Ground Two. But in denying Ground Three, the court seems to have continued its reasoning for denying Ground Two and did not address Ground Three at all.

Goodson appealed and, pursuant to Florida Rule of Appellate Procedure 9.141(b)(2)(C)(ii), we directed the State to file a response addressing whether the court properly denied Ground Three of the motion without evidentiary hearing in accordance with rule 9.141(b)(2). The State acknowledged that the postconviction court failed to address Goodson's argument in Ground Three but argued that we should affirm nonetheless because the trial transcript, which was in the appellate record from Goodson's direct appeal, demonstrates that Goodson could not establish ineffective assistance. While the postconviction court did not attach to its order the portions of the record that support the State's position, as required by Florida Rule of Criminal Procedure 3.850(h)(4) and (5), the State argues that this Court "can take judicial notice of Goodson's prior appeal."

We do not dispute the State's contention that the trial transcript may demonstrate that summary denial of Ground Three would have been appropriate. However, the applicable rule of appellate procedure does not permit us to simply "take judicial notice" of documents that were not a proper part of the record of this appeal, and to affirm based on those records.[*]

This court has long held that the state cannot supplement the record in an appeal of an order summarily denying a postconviction motion with the portion of the trial record that supports the postconviction court's ruling. *See, e.g.*, *Thames v. State*, 454 So. 2d 1061, 1065 (Fla. 1st DCA 1984); *see also St. Cyr*

---

[*] The State contends that we can take "judicial notice" of our files in Goodson's direct appeal, pursuant to sections 90.202 and 90.203, Florida Statutes. But when an appellate court takes "judicial notice" of its own records, it is not applying the judicial notice provisions of the Evidence Code. "The Florida Evidence Code does not apply to appellate proceedings, and we are not bound by Section 90.203 to take judicial notice of those matters listed in Section 90.202." *Hillsborough Cnty. Bd. of Cnty. Comm'rs v. Pub. Emps. Rels. Comm'n*, 424 So. 2d 132, 134 (Fla. 1st DCA 1982) (footnote omitted). An appellate court may exercise its inherent authority to consider its own records, but it is not applying the rules of evidence in doing so.

*v. State*, 126 So. 3d 1166 (Fla. 4th DCA 2012); *Griffin v. State*, 573 So. 2d 979 (Fla. 5th DCA 1991). Nor can the State simply provide the appellate court with an appendix that demonstrates the propriety of the summary denial. *McClain v. State*, 629 So. 2d 320 (Fla. 1st DCA 1993); *Bennett v. State*, 946 So. 2d 84, 85 (Fla. 4th DCA 2006). In other words, the State cannot overcome the postconviction court's error in failing to attach records either by supplementing the record with the missing documents or by providing those records to us in an appendix to its response. If the State is prohibited from taking those actions, then it should not be able to accomplish the same thing simply by asking us to "take judicial notice" of the missing documents.

When a denial of a postconviction claim is "based on the records in the case," the postconviction court must attach to its order "that portion of the files and records that conclusively shows that the defendant is entitled to no relief[.]" Fla. R. Crim. P. 3.850(h)(5). In turn, on appeal we must reverse the order "unless the record shows conclusively that the appellant is entitled to no relief[.]" Fla. R. App. P. 9.141(b)(2)(D). The "record" is limited by rule, to include the motion, response, order, and attachments, plus some specified related documents. Fla. R. App. P. 9.141(b)(2)(A). Generally speaking, if a court denies a postconviction motion based on the records in the case, we must reverse unless the portions of the record attached to the order support the order's conclusions. For this reason, our consideration of documents that are not part of the record identified in rule 9.141(b)(2)(A) would be contrary to the structure of the rule.

Because the court did not indicate and attach the portions of the record that show conclusively that the appellant is entitled to no relief on Ground 3, we REVERSE in accordance with rule 9.141(b)(2)(D).

REVERSED.

M.K. THOMAS and TREADWELL, JJ., concur.

_____

***Not final until disposition of any timely and authorized motion under Fla. R. App. P. 9.330 or 9.331.***

_____

Ruben Goodson, pro se, Appellant.

James Uthmeier, Attorney General, Virginia Chester Harris, Assistant Attorney General, Tallahassee, for Appellee.