828 So.2d 1087 (2002)
Willie GRIFFIN, Appellant,
v.
STATE of Florida, Appellee.
No. 1D02-1221.
District Court of Appeal of Florida, First District.
October 30, 2002.
*1088 Appellant, pro se.
Robert A. Butterworth, Attorney General, and Giselle Lylen Rivera, Assistant Attorney General, Tallahassee, for Appellee.
PER CURIAM.
The appellant challenges the trial court's order summarily denying his rule 3.800 motion for jail credit. Because the trial court acknowledged that the appellant was entitled to 307 days of jail credit total, but only awarded the appellant 101 days of jail credit when it sentenced him, we reverse and remand.
The appellant violated probation twice. It appears that upon the first violation, the appellant received 210 days of jail credit for time spent in jail prior to resentencing but was not committed to the Department of Corrections or sentenced to a jail term, but instead was placed back on probation. Upon the second violation, the appellant received 101 days of jail credit for time spent in jail prior to sentencing and was committed to the Department. Since the Department has only credited the appellant with 101 days of jail credit, it appears that the Department does not have any record of the appellant's original jail credit of 210 days.
The trial court acknowledged that the appellant served 307 days in jail on this case, explaining that his prior award exceeded the actual time spent in jail. However, the trial court refused to credit the appellant for time spent in jail on the first probation violation. Under section 921.161(1), Florida Statutes (1999), "the court imposing a sentence shall allow a defendant credit for all of the time she or he spent in the county jail before sentence." In the absence of any record evidence showing that the appellant is not entitled to the full amount of jail credit earned, the trial court must correct the appellant's sentence to reflect this jail-time. Upon correcting the appellant's sentence, the trial court may credit the appellant with the total of jail time actually served. We accordingly reverse and remand for the trial court to support its denial with record attachments or to grant the relief sought.
REVERSED and REMANDED.
ERVIN, BOOTH and BROWNING, JJ., concur.