PER CURIAM.
 

 The appellant challenges the denial of his Florida Rule of Criminal Procedure 3.800(a) motion to correct an illegal sentence. Because the trial court denied the appellant’s claim for jail credit on an improper basis, we reverse the trial court’s denial of this claim and remand this case to the trial court for further consideration of the claim.
 

 The appellant alleges that he is entitled to 659 days’ jail credit for total time served in the underlying offense and the two violations of probation, rather than the 94 days’ jail credit awarded at sentencing. The trial court summarily denied the motion, but improperly failed to attach to its order portions of the record conclusively showing that the defendant is not entitled to relief.
 
 See Walker v. State,
 
 432 So.2d 727, 728 (Fla. 3d DCA 1983).
 

 The trial court indicated that the appellant should not have been awarded credit for time served in the underlying offence or in the first violation of probation. However, in
 
 Griffin v. State,
 
 828 So.2d 1087, 1088 (Fla. 1st DCA 2002), this Court held that a trial court, when sentencing a defendant for violation of probation, shall allow credit for “all of the time” spent in the county jail before sentencing, including time spent related to former violations of probation in the same case.
 

 The appellant also alleges that he spent 219 days in jail in a foreign jurisdiction. Although awarding credit for time served in a foreign jurisdiction is completely within the discretion of the lower court, the record does not reflect the trial court’s understanding that it had the discretionary authority to award credit.
 
 See Kronz v. State,
 
 462 So.2d 450, 451 (Fla.1985).
 

 The trial court’s denial of the appellant’s claim for additional jail credit is accordingly reversed and this case is remanded for reconsideration of the claim. Upon remand, the trial court should review the trial court records in the appellant’s case to determine whether these records demonstrate on their face an entitlement to the requested jail credit, as they must before credit for time served may be granted under rule 3.800(a). If the trial court records demonstrate an entitlement to relief, the additional jail credit should be awarded. If they do not, the claim should be denied. If the record demonstrates that the appellant served time on this case in a foreign jurisdiction, the trial court should
 
 *383
 
 consider awarding credit and the record should reflect that consideration.
 

 REVERSED AND REMANDED.
 

 KAHN, DAVIS, and CLARK, JJ., concur.