PER CURIAM.
The postconviction court’s denial of Antonio D. Brown’s motion filed under Florida Rule of Criminal Procedure 3.800(a) is affirmed without prejudice for Brown to file a motion under rule 3.801. If Brown chooses to file a rule 3.801 motion, it must comply with the requirements outlined in *826 rules 3.801(b), (c), (e), and 3.850(n). Upon receipt of a rule 3.801 motion, the court must follow the procedure outlined in rule 3.850(f). See Fla. R.Crim. P. 3.801(e) (effective July 1, 2013).
In its order, the postconviction court did not indicate whether Brown is entitled to credit for time spent in jail prior to his original sentencing and prior to his first violation of probation sentence. We note that a probation violator sentenced to prison is entitled to credit for time served in jail awaiting the original probationary sentence and time spent in custody on violation of probation charges. See Barnes v. State, 74 So.3d 1135, 1136 (Fla. 2d DCA 2011); see also Griffin v. State, 828 So.2d 1087, 1088 (Fla. 1st DCA 2002).
It appears that Brown is scheduled for release on January 26, 2014. Therefore, the postconviction court should expedite any rule 3.801 motion Brown files.
Affirmed without prejudice.
CASANUEVA, VILLANTI, and MORRIS, JJ., Concur.