PER CURIAM.
Charles E. Smith appeals the summary denial of his motion for jail credit filed pursuant to Florida Rule of Criminal Procedure 3.801. We reverse.
On May 18, 2017, Smith was arrested in Lake County on a Sumter County warrant charging fraudulent use of personal identification information. According to the trial court, he bonded out the same day. Four months later, on September 25, 2017, he was arrested in Lake County for failure to appear in the Sumter County case. On December 23, 2017, he bonded out of jail. Several months later, on May 24, 2018, he was again arrested for failure to appear. On June 20, 2018, Smith entered a plea and was sentenced to eighteen months in the Department of Corrections with credit for time served. He received 119 days' credit.
On September 24, 2018, Smith filed an unsworn[1] Rule 3.801 motion seeking an additional 258 days' credit. He alleged that while incarcerated on a separate Lake County case, a hold was placed on him for this case on March 27, 2017. Smith claims he posted bond in the other case on May *242 18, 2017, but could not be released due to a detainer.[2]
The trial court denied the motion finding that Smith failed to demonstrate he would have been released from the Lake County Jail on March 27, 2017, but for the hold by Sumter County. The trial court's conclusion, however, did not take into account that Rule 3.801(e) incorporates the procedures outlined in Florida Rule of Criminal Procedure 3.850(f). See Fla. R. Crim. P. 3.801(e) ; Brown v. State, 127 So.3d 825, 826 (Fla. 2d DCA 2013) ("Upon receipt of a rule 3.801 motion, the court must follow the procedure outlined in rule 3.850(f).").
Rule 3.850(f) requires a trial court to give a defendant who files a timely but insufficient motion sixty days to file an amended motion. Fla. R. Crim. P. 3.850(f)(2). Here, because Smith's timely motion was legally insufficient, the trial court was required to provide him an opportunity to amend. See id. Failing to do so was error. Accordingly, we reverse the order summarily denying Smith's motion and remand with directions that the trial court provide Smith sixty days to amend his motion pursuant to Rule 3.801(e) and Rule 3.850(f)(2).[3]
REVERSED and REMANDED.
ORFINGER, BERGER and WALLIS, JJ., concur.

Pursuant to Rule 3.801(c), the motion shall be filed under oath.

Smith also identified periods of time that he was back and forth between the two county jails, but did not provide sufficient dates to establish set times.

We note that Rule 3.850(f)(5) also allows for summary denial if the motion is legally sufficient and the records that conclusively refute the defendant's claim are attached to the final order.